Ronald H. **ALEXANDER**, Appellant,

v.

**UNITED STATES**, Appellee.

Nos. 12666, 79–47 and 79–312.

District of Columbia Court of Appeals.

Argued Sept. 27, 1979.

Decided Dec. 10, 1979.

Mark Cameron Johnson, Law Student No. 2156, with whom Nicholas Kuzmack, Washington, D. C., appointed by the court, and Cynthia A. Govan, Law Student No. 1869, were on the brief, for appellant.

Harold L. Cushenberry, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., Washington, D. C., at the time the briefs were filed, John A. Terry, Peter E. George and Alexia Morrison, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and GALLAGHER and MACK, Associate Judges.

GALLAGHER, Associate Judge:

Appellant, convicted of voluntary manslaughter, filed a motion to vacate sentence under D.C.Code 1973, § 23–110, alleging that he was denied effective assistance of counsel. This appeal results from the trial judge's dismissal of the motion without a hearing. In his § 23–110 motion, appellant claimed that his attorney (1) had failed to raise the insanity defense at trial despite a psychiatric report raising an insanity question of some substance, and (2) had botched the defense of self-defense by failing to investigate the case or to prepare defendant and his witnesses for trial.

The trial judge based his denial of the motion on the files of the case and the motion itself with its accompanying affidavits and psychiatric reports. Without holding a hearing, the judge found that (1) his trial counsel's decision not to present the insanity defense did not amount to gross incompetence, but rather reflected an informed tactical decision, and (2) appellant's remaining allegations were too vague and conclusory and were contradicted by his counsel's able and vigorous defense at trial. We remand the case for a hearing on the motion.

Under § 23–110, a hearing on a motion to vacate sentence must be held "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." The major requirement needed to show that one is entitled to relief is to allege facts which, if true, would entitle one to vacation of sentence. *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). The facts alleged also must be specific rather than conclusory, and must not be capable of being contradicted on the record itself. *Gibson v. United States*, D.C.App., 388 A.2d 1214, 1217 (1978). Here, appellant's allegations of ineffective assistance of counsel meet these requirements. His first claim, that counsel did not raise the insanity defense, was sufficient on this particular record to require a hearing, at which appellant would have had an opportunity to raise, in addition, the claim of ineffective assistance on the self-defense theory.

The test used in this jurisdiction to determine ineffective assistance of counsel is whether counsel blotted out a substantial defense through gross ineptness. *Oesby v. United States*, D.C.App., 398 A.2d 1 (1979); *Angarano v. United States*, D.C. App., 312 A.2d 295 (1973) *pet. for reconsideration denied*, 329 A.2d 453 (1974) (en banc) (*Angarano* test applied in light of the totality of circumstances in the case). If his counsel failed to raise the insanity defense,[1] as appellant claims, counsel certainly blotted it out, unless it was so weak as to amount to a frivolous claim, or unless there was a good tactical reason for not raising the defense. The judge below could not have concluded on the limited record before him that counsel's failure to raise the defense was a tactical decision or an ethical decision based on the defense's frivolity. Along with his § 23–110 motion, appellant submitted a report of a psychiatrist employed by his counsel, who examined him five times before trial, and another report prepared by a government psychiatrist.

Even though it is true that defense psychiatrist's conclusion of insanity was contradicted by the report of the prosecution's psychiatrist, and that, on the whole, the psychiatric affidavits may not have provided compelling support for the insanity defense, the defense psychiatrist's report did conclude that "[i]n my opinion, because of his fear and because of the schizophrenic process, [defendant] did not act the way he did out of conscious choice, but he was driven to act the way he did because of his fear and because of his schizophrenic illness." This report alone provided enough basis for raising the defense. *McDonald v. United States*, 114 U.S.App.D.C. 120, 312 F.2d 847 (1962).

Furthermore, the judge below erred in finding that defense counsel's failure to raise the insanity issue was a tactical decision. The judge apparently based this finding on the affidavit of defendant's mother, who stated that counsel told her the psychiatric report would not be used at trial because it was "about the same" as the government psychiatrist's report. This statement alone does not establish a valid basis for a decision to omit the defense. Even if counsel was apprehensive that the psychiatric report could be used to undermine the stronger defense of self-defense, it was not necessary to abandon the insanity defense altogether in order to protect the self-defense theory. Counsel could have asked for a bifurcated trial to air separately the defenses of insanity and self-defense. *See United States v. Greene*, 160 U.S.App. D.C. 21, 489 F.2d 1145, 1157 (1973), *cert. denied*, 419 U.S. 977, 95 S.Ct. 239, 42 L.Ed.2d 190 (1974); *Holmes v. United States*, 124 U.S.App.D.C. 152, 154, 363 F.2d 281, 283 (1966).

There may indeed have been a valid tactical reason for not pursuing the insanity defense. Conceivably the defendant did not wish to raise the defense. *See Frendak v. United States*, D.C.App., 408 A.2d 364 (1979). But on the record in the

---

1. We are not unmindful of the sound basis for the hesitance of this court to second guess with hindsight tactical decisions of trial counsel.

*See Woody v. United States*, D.C.App., 369 A.2d 592, 594 (1977).

trial court, one is not able to conclude with reasonable certainty what motivated defense counsel to act as he did, and to determine whether his actions amounted to ineffective assistance of counsel. When the record is not sufficient to illuminate the motion to vacate sentence, as sometimes happens when the motion is based on ineffective assistance of counsel, the judge below must order an evidentiary hearing before ruling on the motion. *Session v. United States*, D.C.App., 381 A.2d 1 (1977) (defendant entitled to hearing when existing record could not illuminate charges of ineffective assistance). *See also Glass v. United States*, D.C.App., 395 A.2d 796 (1978) (no hearing required when relevant facts are already in record); *Gibson v. United States, supra* (hearing required only if claims are (1) specific, (2) not obviously invalid on the record and (3) such that, if proven, would require vacation or alteration of sentence); *Johnson v. United States*, D.C.App., 385 A.2d 742 (1978) (hearing required if defendant's allegation of facts could not otherwise be proved); *Atkinson v. United States*, D.C. App., 366 A.2d 450 (1976) (no hearing required if records of case show that claim, if established, would not require alteration or variation of sentence). It was error here not to grant a hearing.

*Reversed and remanded for further proceedings.*