Jackson T. ELLERBE, Appellant,

v.

UNITED STATES Appellee.

No. 87–64.

District of Columbia Court of Appeals.

Argued May 2, 1988.
Decided May 13, 1988.[1]
Certiorari Denied Oct. 3, 1988.
See 109 S.Ct. 174.

Barbara R. Miller, for appellant.

Patricia A. Riley, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty. at the time the brief was filed, and Michael W. Farrell, Asst. U.S. Atty., were on the brief, for appellee.

Before PRYOR, Chief Judge, and ROGERS and STEADMAN, Associate Judges.

PER CURIAM:

Appellant Jackson T. Ellerbe appeals the denial without a hearing of his motion under D.C.Code § 23–110 (1981) to set aside his conviction by a jury of felony murder while armed, *id.* §§ 22–2401, –3202, attempted robbery while armed, *id.* §§ 22–2902, –3202, and carrying a pistol without a license, *id.* § 22–3204. He alleged in his *pro se* motion that his trial counsel had been ineffective because he had failed to file any pretrial motions to suppress and that his appellate counsel had been ineffective because he had not raised the claim of ineffective trial counsel in the direct appeal. In a *pro se* supplement to the motion, appellant alleged that trial counsel had failed to consult adequately with him prior to trial and had failed adequately to investigate the case and to prepare a defense, specifically an insanity defense based on his habitual use of PCP and his ingestion of PCP on the night of the murder. He also alleged the trial judge erred in failing to grant a severance and to make a finding that he would not benefit from

---

1. The decision in this case was originally released as a Memorandum Opinion and Judg-

ment. The court has granted appellee's request for publication.

sentencing under the Federal Youth Corrections Act. We affirm.

## I

This court affirmed appellant's convictions by Memorandum Opinion and Judgment filed June 14, 1984. *Ellerbe v. United States*, No. 83–45 (D.C.) (attached as appendix), *cert. denied*, 469 U.S. 936 (1984). In that appeal, appellant contended his convictions should be reversed because of instances of prosecutorial misconduct, admission of hearsay evidence, the failure to grant a mid-trial severance, restriction of cross-examination, and insufficient evidence.[2]

The motions court denied appellant's § 23–110 motion without a hearing. The court, relying on *Streater v. United States*, 429 A.2d 173, 174 (D.C.1980), *cert. denied*, 451 U.S. 902, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981), determined that it lacked authority to review the claim of ineffective assistance of appellate counsel. The court further found, anticipating our opinion in *Shepard v. United States*, 533 A.2d 1278 (D.C.1987), that appellant was barred from raising on collateral attack matters which could have been raised on direct appeal, the effectiveness of appellate counsel not being shown to be cause for the failure to raise matters on direct appeal. The court also found that appellant had not alleged that he had informed appellate counsel of the grounds for his claim of an insanity defense and that appellant's claims of error by the trial court were not supported by the record: since a continuance had been granted, there was no basis for the contention that new trial counsel had inadequate time to prepare, and the trial court had made a "no benefit" finding prior to sentencing appellant. Since our opinion in *Shepard, supra,* is prospective only, 533 A.2d at 1280, we address, as we did in that case, the merits of the claim that the motions court erred in denying the § 23–110 motion without a hearing.

## II

The standard for our review of appellant's motion is set forth in *Watson v. United States*, 536 A.2d 1056, 1065 (D.C. 1987) (en banc), and *Shepard, supra,* 533 A.2d at 1280, and we need not restate it in detail here. Suffice it to say that appellant must meet the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). If he cannot demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. at 2068, this court need not examine whether trial or appellate counsel's performance was deficient. *Id.* at 697, 104 S.Ct. at 2069; *Watson, supra,* 536 A.2d at 1065; *Shepard, supra,* 533 A.2d at 1282; *Chavarria v. United States*, 505 A.2d 59, 66 (D.C.1986).

Furthermore, to prevail on a § 23–110 motion, the movant must, as a threshold matter, allege with particularity those facts and circumstances as would demonstrate the allegations of ineffectiveness. *White v. United States*, 484 A.2d 553, 559 (D.C.1984) (quoting *McClurkin v. United States*, 472 A.2d 1348, 1353 (D.C. 1984), and *Pettaway v. United States*, 390 A.2d 981, 983 (D.C.1978)); *Alexander v. United States*, 409 A.2d 618, 620 (D.C. 1979) (citing *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962)). Even then, however, the movant is entitled to a hearing on his claims regarding the ineffective assistance of trial coun-

---

**2.** The charges against appellant arose as a result of an attempted robbery by appellant and his friend DeLoach on Christmas day, 1981, that resulted in the death of the victim from two gunshot wounds in the back. The attempted robbery was witnessed by a friend of appellant's, named Cook, who also heard two shots and saw appellant's extended arm pointing toward the running victim. On December 27, appellant admitted to his girlfriend, who saw a gun handle sticking out of appellant's pocket, that he had shot the victim and asked that she provide him with an alibi defense. At trial appellant presented an alibi defense that he was with DeLoach's family. Codefendant DeLoach did not testify. DeLoach's counsel conceded that DeLoach was at the scene of the crime but presented a defense of innocent presence that did not implicate appellant. At trial, Cook and appellant's girlfriend testified for the government and other witnesses, including a firearms expert, corroborated their testimony.

sel only when the claims cannot be disposed of by resort to the files and records of the case because the claims involve matters outside of the record. *White, supra,* 484 A.2d at 559; *see, e.g., Hockman v. United States,* 517 A.2d 44, 48 (D.C.1986); *Gibson v. United States,* 388 A.2d 1214, 1215–16 (D.C.1978) (per curiam).

### A.

The motions court correctly ruled that it did not have jurisdiction to decide appellant's claim that his appellate counsel was ineffective for failing to raise that issue as to trial counsel in the direct appeal from appellant's conviction. *Streater, supra,* 429 A.2d at 174. Accordingly, we address his contention. But to do so we necessarily must look at his allegations in terms of assessing the conduct of trial counsel as well.

■ Appellant has stated only in the most conclusory terms that his appellate counsel was ineffective in failing to raise the issue of the ineffectiveness of his trial counsel. Appellant has not alleged that he advised appellate counsel of the basis on which he claims that his trial counsel failed to prepare an available defense, namely an insanity defense, based on appellant's use of PCP and his ingestion of PCP on the day of the crimes. There is nothing in appellant's motion to show that appellant ever told his counsel he was intoxicated by PCP at the time of the offense and thus lacked the necessary intent. *See, e.g., Smith v. United States,* 309 A.2d 58, 59 (D.C.1973). Appellant has abandoned on appeal his claim that trial counsel was ineffective for failing to move for a mental evaluation of appellant based on his PCP use. Further, his claims of trial counsel's ineffectiveness are without merit and consequently do not provide a predicate for his claim of ineffectiveness by appellate counsel. *Watson, supra,* 536 A.2d at 1069; *Hockman, supra,* 517 A.2d at 51; *Alexander, supra,* 409 A.2d at 620; *see also Kimmelman v. Morrison,* 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *cf. Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

### B.

■ Similarly, appellant has stated the basis for his claims of ineffective trial counsel in only the most conclusory terms. Appellant does not contend that the pretrial motions that were not filed would have produced a different result at his trial, and thus he has failed to meet the second prong of the *Strickland* test. *Strickland v. Washington, supra,* 466 U.S. at 694, 104 S.Ct. at 2068. Nor did he file any affidavits with his motion or make a proffer of facts to support his claims that the motions were warranted. We conclude that appellant is not entitled to the relief he seeks, namely, a remand to the motions court to consider whether to grant an evidentiary hearing. *Hockman, supra,* 517 A.2d at 48; *Gibson, supra,* 388 A.2d at 1215–16.

There is no legal basis upon which trial counsel could have filed a motion to suppress the identifications of appellant by the government's witnesses. Three witnesses had known appellant for many years, and one of them, Cook, was standing about three feet from appellant in a well lit area at the time of the attempted robbery. None of the identifications were obtained by the police and therefore were not subject to attack on the grounds of suggestivity; hence, their reliability is not called into question. *Stewart v. United States,* 490 A.2d 619, 622 (D.C.1985) (quoting *Patterson v. United States,* 384 A.2d 663, 665 (D.C.1978)). In addition, the record supports the reliability of the identifications, and appellant does not claim that any witness would recant his or her trial testimony.

There is also no basis on which trial counsel would have filed a motion to suppress appellant's statements to the police. Appellant cites no circumstances to suggest that his statements were involuntary. *See Smith v. United States,* 529 A.2d 312, 317 n. 8 (D.C.1987); *Beasley v. United States,* 512 A.2d 1007, 1013 (D.C.1986). At trial, the government used the statements to impeach appellant's trial testimony, but

they were clearly not an important part of the government's evidence against appellant, which was overwhelming. Therefore, had there been error in permitting the government to use the statements as prior inconsistent statements, the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Nor was there a basis on which trial counsel could have filed a motion to suppress the bullets found on appellant's bureau. His father had consented to the search by the police and appellant offers nothing to suggest that the consent should be vitiated. *See Duddles v. United States*, 399 A.2d 59, 63 (D.C.1979) (citations omitted). Also, the bullets were hardly critical to the government's evidence.

As to the claim that trial counsel failed to investigate and produce witnesses to corroborate appellant's alibi defense, one witness was summoned but not called and the availability of such witnesses appears unlikely. In any event, appellant has not attached affidavits from such witnesses to his motion to vacate; nor has he proffered their names and in what way they would provide him with a stronger alibi defense.

### C.

Appellant's contentions regarding other errors by the trial court, even if properly before us, *Doepel v. United States*, 510 A.2d 1044, 1045–46 (D.C.1986), are meritless. There is no basis on which he can show that the trial court erred in denying a severance of his trial or that had trial counsel filed a pretrial motion to sever the court would have been more disposed to grant the motion. *See Tillman v. United States*, 519 A.2d 166, 169 (D.C.1986). Nor was appellant's defense irreconcilable with that

of his codefendant. *See West v. United States*, 499 A.2d 860, 867 (D.C.1985). None of the other errors that appellant contends were made by the trial court merit discussion.[3]

Accordingly, finding no grounds on which to conclude that appellant's claim of ineffective assistance of appellate or trial counsel entitles him to relief, we affirm the judgment.

### APPENDIX

District of Columbia Court of Appeals

No. 83–45

Jackson T. Ellerbe, Appellant,

v.

United States, Appellee.

Appeal from the Superior Court of the

District of Columbia

Criminal Division

(Hon. H. Carl Moultrie I, Trial Judge).

Argued May 17, 1984

Decided June 14, 1984

Before MACK and PRYOR, Associate Judges, and KERN,[1] Associate Judge, Retired.

### MEMORANDUM OPINION AND JUDGMENT

Appellant was convicted by a jury of felony murder while armed during the commission of an attempted armed robbery (D.C.Code §§ 22–2401, –3202), attempted robbery while armed (*id.* §§ 22–2902, –3202), and carrying a pistol without a li-

---

**3.** Appellant has abandoned on appeal his claims that the trial court erred in failing to grant a continuance after new counsel was appointed and in failing to make a "no benefit" finding or to sentence him under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005 *et seq.* In any event, the record supports the motions court's findings that a continuance was granted and a "no benefit" finding was made. Moreover, his contentions about the severity of his sentence are matters which this court is without authori-

ty to review, there being no basis on which to find defective the trial court's finding that appellant would not benefit from sentencing under the FYCA in view of his prior record. *Tribble v. United States*, 447 A.2d 766, 773–74 (D.C.1982).

**1.** Judge Kern was an Associate Judge of the court at the time the case was submitted. His status changed to Associate Judge, Retired, on May 25, 1984.

cense (*id.* § 22–3204).[2] He was sentenced to consecutive terms of imprisonment of twenty years to life on the felony murder charge and three to ten years on the pistol charge. On appeal, he raises two principal issues:[3] whether the prosecutor's cross-examination and argument concerning the veracity of witnesses deprived appellant of a fair trial; and whether the trial court erred in admitting the hearsay statement of the decedent. In view of defense counsel's failure to object to the prosecutor's conduct or the hearsay statement, we may notice the alleged errors only if they amount to plain error. *See Watts v. United States,* 362 A.2d 706, 709 (D.C.1976) (en banc). Finding no plain error, we affirm.

Appellant contends that the prosecutor's cross-examination of appellant, in which he repeatedly asked appellant if the government witnesses were lying, and his subsequent rebuttal argument, in which he reviewed appellant's affirmative answers to those questions, constituted such prejudicial misconduct as to require a new trial. Appellant presented an alibi defense, thereby squarely contradicting the testimony of the government's principal witnesses. In an apparent attempt to highlight the contradictions in testimony, the prosecutor confronted appellant with the conflicting testimony and asked him the following questions:

Q. So, you heard Marilyn Baker say that she saw a handle of a gun in your pocket, isn't that right?

A. Yes, I heard her say that.

Q. And her saying that, she was lying when she said that; isn't that right?

A. Yes, sir.

Q. Just like Detective Manjoras was lying when he says that you told him that Kevin Ray was with you all night on Christmas night.

A. Yes, sir.

Q. And Marilyn Baker would be lying too, when she got up here and testified that you told her you shot a dude named Tony.

A. Yes, sir.

Q. That would be a lie?

A. Yes, sir.

\* \* \* \* \* \*

Q. And when she said sir, that you asked her to make up an alibi for you on Christmas night, that's a lie too; isn't it?

A. Yes, it is.

A short time later, the prosecutor began the same pattern of questioning:

Q. But I guess that Mr. King is lying about those things, isn't he, sir?

A. Yes, sir.

Q. And so he's lying when he said he saw you in front of your court on December 25th of 1981?

A. Yes, sir, he is.

Q. And he's lying that he said he saw you there shortly before a quarter of ten, 9:45 in the evening.

A. Yes, he is.

Q. And he's lying when he said that that location where you, sir, were just across the street from where Antonio Florence's body was lying. He's lying about that, too, isn't he?

A. Yes.

Q. And he's lying, sir, that you asked him, or Mr. DeLoach asked him, "Where's the party."

A. Yes, he is.

Q. And he was lying, sir, when he said he didn't know where there was a party when he was talking with you all.

A. Yes, he is.

---

2. Prior to trial, the government filed an information notifying the court that appellant had a previous conviction (robbery), thereby making the charge of carrying a pistol without a license a felony and subjecting appellant to the increased penalties under D.C.Code § 22–3204.

3. Other assigned errors by appellant are that: 1) the government produced insufficient evidence to support a conviction for felony murder; 2) the trial court improperly denied appellant's motion for severance of defendants; 3) the prosecutor impermissibly suggested a missing witness inference; 4) the prosecutor improperly sought to persuade the jury to convict appellant out of sympathy for the decedent; and 5) the trial court improperly restricted appellant's counsel's cross-examination of government witnesses. Appellant's arguments are not persuasive.

Q. And he's lying, as well, isn't he, sir, when he said one of you, or Juney De-Loach said, "This is a good night to make some money."

A. Yes, he is.

Q. That's an absolute lie by Mark King, isn't it?

A. Yes, it is.

Q. Just like Marilyn Baker lied; isn't that right?

A. Yes, she did lie.

Q. And just what Detective Manjoras said.

A. Yes.

We find this pattern of questioning to be improper. The principle that a witness' veracity is determined exclusively by the jury is so well settled that no citation of authorities is necessary to support it. And, we have previously stated that a witness' testimony "is a 'lie' only if the jury accepts the government's version of the incident based upon an evaluation of the evidence before it." *Dyson v. United States,* 418 A.2d 127, 130 (D.C.1980). Here the prosecutor, by repeatedly requesting appellant's opinion as to the truthfulness of each witness' testimony, invaded the province of the jury's responsibility to assess the veracity of witnesses. Nevertheless, we are unable to say, given the strength of the government's evidence adduced through the testimony of eyewitnesses who knew appellant, that such misconduct constituted plain error—one that "clearly prejudiced appellant's substantial rights to [an] extent which jeopardized the very fairness and integrity of the trial." *Hall v. United States,* 383 A.2d 1086, 1088 (D.C.1978) (citing *Watts, supra,* 362 A.2d at 709).

Appellant also contends that the trial court erred in permitting a government witness, Keith Cook, to recount the decedent's statement made to him during the course of the robbery. The statement in question was elicited without objection during the following direct examination:

Q. Do you recall what he [decedent] said, Mr. Cook?

A. Yes, sir.

Q. What did he say?

A. He said "Mousy [Cook's nickname] Why is they doing this to me? Ellerbe knows I know him."

Appellant asserts that this statement was inadmissible hearsay. Assuming *arguendo* that appellant is correct, we are of the belief that the prejudice, if any, flowing from its admission was insignificant on this record revealing compelling evidence of guilt and independent establishment of identity. Accordingly, it is

ORDERED and ADJUDGED that the judgment on appeal be, and hereby is, affirmed.

For the Court:
/s/ Alan I. Herman
ALAN I. HERMAN,
Clerk of the Court.