**Alvin C. HINES, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 81–1379.

District of Columbia Court of Appeals.

Sept. 21, 1988.

Before NEWMAN and BELSON, Associate Judges, and KERN, Senior Judge.

## ORDER

PER CURIAM.

Appellant by motion requests this court to recall the mandate it issued in April 1983 affirming the judgment of his conviction of the crime of second-degree burglary while armed. Appellant and his two codefendants had been convicted of this crime in September 1981 after a jury trial. Appellant and both his codefendants presented their appeals to this court and we rendered our decision of affirmance in *Lee v. United States*, 454 A.2d 770 (D.C.1982).

Subsequent to our decision, appellant and his codefendants sought and were denied a rehearing and a rehearing en banc. Appellant and one of his codefendants, McIlwain, filed a petition for writ of certiorari in the Supreme Court of the United States. The Supreme Court denied the petition, but two Justices filed a Memorandum Decision of dissent. *McIlwain v. United States*, 464 U.S. 972, 104 S.Ct. 409, 78 L.Ed.2d 349 (1983). Appellant then sought a rehearing by the Supreme Court which was denied. *Hines v. United States*, 464 U.S. 1064, 104 S.Ct. 747, 79 L.Ed.2d 204 (1984).

---

In 1987, appellant filed in the United States District Court for the District of Columbia a petition for writ of *habeas corpus*, challenging his conviction upon the ground that his appellate counsel had been constitutionally ineffective in this court. The District Court appointed counsel for appellant and has stayed its ruling on this petition while appellant "seeks relief in the District of Columbia Court of Appeals."

This court's Rule 41(c) requires that a motion to recall the mandate in a criminal case upon the basis of asserted failure of counsel in the appeal to provide effective representation must be made within 180 days of the issuance of the mandate. We issued Rule 41(c) in January 1985, almost two years after this court had issued the mandate in appellant's case. The government opposes appellant's motion to recall the mandate, but urges this court *not* to apply Rule 41(c) "retrospectively to those persons, such as appellant, as to whom this Court's [sic] mandate issued more than 180 days before the effective date [of the Rule] of January 1, 1985, and who therefore lacked notice of the Rule in sufficient time to comply with its requirement."

■ We are persuaded that Rule 41(c), which places a limitation of time upon the recall of our mandates in criminal cases when such recall is grounded upon ineffective assistance of appellate counsel, should *not* be applied to mandates issued prior to promulgation of Rule 41(c). *See generally Mendes v. Johnson,* 389 A.2d 781 (D.C. 1978) (en banc).

Turning to the merits of appellant's motion, he contends that his counsel on appeal "failed to mount any challenge to the constitutionality of [his] conviction based upon the juror's inebriation. Accordingly, this court failed to either consider or rule on the constitutionality of movant's conviction." Appellant asserts further in his motion that "neither movant's counsel nor the counsel of movant's codefendants raised this issue [asserted violations of the Fifth and Sixth Amendments] on appeal. Al-

though the factual basis for such a claim clearly presented itself at trial, there is not a word in the briefs that suggested that movant's conviction could be invalid on constitutional grounds."

■ Appellant has attached to his motion as appendices the briefs, reply briefs and the petitions for rehearing filed in *Lee v. United States, supra.* These reveal that all three appellants urged in their briefs and rehearing petitions that the trial court erred in refusing to declare a mistrial in view of the evidence that the forewoman of the jury at the outset of the jury's deliberation inhibited other jurors from expressing their views and appeared to most of them to be under the influence of alcohol. Codefendant McIlwain argued in his brief at page 13 (Appendix G), "The Constitution grants every defendant in a criminal case the right to have his guilt found, if at all, only by the unanimous verdict of twelve competent, impartial jurors. *Nelson v. United States,* 378 A.2d 657, 660 (D.C.Ct. App.1977) [sic]; *Khaalis v. United States,* 408 A.2d 313, 359 (D.C.Ct.App.1979) [sic], *cert. denied,* 444 U.S. 1092 [100 S.Ct. 1059, 62 L.Ed.2d 781] (1980); *Andres v. United States,* 333 U.S. 740 [68 S.Ct. 880, 92 L.Ed. 1055] (1948); *United States v. Thomas,* 146 U.S.App.D.C. 101, 449 F.2d 1177 (1971) (*en banc*) [sic]. Yet the trial court here permitted a juror who was intoxicated during deliberations, and who may have been drinking during the trial itself, to remain on the jury and to participate in its verdict."

Appellant and codefendant Lee argued in their rehearing petition at page 1 (Appendix I): "The juror's intoxication was misconduct that ... deprived the appellants of continued, objective and disinterested judgment of the juror, thereby foreclosing the accused's right to a fair trial. *Nelson v. United States,* 378 A.2d 657, 660 (1977) [sic]." All the briefs and the petitions reviewed and quoted from the transcript what transpired at the trial after the jury retired to deliberate and selected its foreperson.[1]

---

1. Appellant devoted almost one-half of his argument on brief and more than one-half of his

reply brief to the right to a competent jury argument; this argument consumed more than

This court, in rejecting the challenge by appellant and his codefendants to the trial court's refusal to declare a mistrial, cited to *Nelson v. United States, supra.* In *Nelson, supra,* 378 A.2d at 660, this court articulated the general rule that the Sixth Amendment guarantees all defendants the right to trial by impartial and unprejudiced jurors.

In *Watson v. United States,* 536 A.2d 1056, 1069 (D.C.1987) (en banc), *cert. denied,* — U.S. —, 108 S.Ct. 1740, 100 L.Ed.2d 203 (1988), this court noted the need for appellate counsel in order to be constitutionally effective to inform the court of the "crucial issue ... as well as the applicable law and its various ramifications." It is clear from the appendix to appellant's motion and *Lee v. United States, supra,* that this court was fully informed by appellate counsel of the crucial issue, the applicable law and the portions of the transcript pertinent to their argument.[2]

The motion by appellant Hines to recall the mandate is without merit because the motion upon its face shows that the performance of counsel on appeal did not fall "below an objective standard of reasonableness" and did not show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington,* 466 U.S. 668, 688 & 694, 104 S.Ct. 2052, 2064 & 2068, 80 L.Ed.2d 674 (1984). Accordingly, appellant's motion to recall the mandate is denied.

half of codefendant Lee's brief, and codefendant McIlwain devoted almost one-half of his argument on brief and more than half of his reply brief to this Sixth Amendment issue.

2. This court pointed out in *Watson, supra,* 536 A.2d at 1058:

We are going to examine the presentation to the court by appellant's first counsel, as distinguished from placing the primary focus on our division's prior opinion. We are not going to look at his performance in order to determine whether his presentation left something to be desired, or whether counsel put the court to an unnecessary degree of work in its review. We will determine whether counsel's performance deprived appellant of his substantive due process right to counsel stemming from application of the Sixth Amendment. Our decision is not simply based on whether counsel can be faulted on some scores. Ours is a constitutional review, not a grading exercise.