James E. SMITH, Appellant,

v.

UNITED STATES, Appellee.

Nos. 85–CF–995, 85–CF–1475,
90–CF–56, 90–CF–440.

District of Columbia Court of Appeals.

Argued Jan. 21, 1992.
Decided May 1, 1992.

Lawrence M. Baskir, Washington, D.C., appointed by this court, for appellant.

Philip S. Kushner, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Thomas C. Black, and Thomas J. Motley, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, and FERREN and STEADMAN, Associate Judges.

ROGERS, Chief Judge:

Appellant James Smith appeals the denial of his motion to vacate sentence pursuant to D.C.Code § 23–110 (1989 Repl.) without a hearing. Specifically, he contends that the trial judge erred by not holding a hearing in light of the proffered evidence of counsel's inadequate pretrial investigation, preparation of a defense, and conduct at trial. Thus, he maintains, trial counsel allowed a credibility contest to arise between the complainant's nine-year-old daughter and the uncorroborated testimony of appellant when physical evidence would have rendered the daughter's testimony inherently incredible and corroborative defense witnesses were available. We reverse and remand the case to the trial court to hold a hearing on the motion.

## I

The evidence at trial showed that appellant had given temporary shelter in his home in an apartment complex, where he worked as the custodian, to the complainant and her daughter, then eight years old. After several efforts to get her to find a place of her own, appellant told the complainant that she would have to leave, and that he would put her property out on the sidewalk if she did not remove it by 1 p.m. on November 23, 1983. Ms. Adams testified that on November 23rd she went to retrieve her belongings on several occasions, but appellant, who was working on a taxicab, told her that he was busy and that she would have to wait. Upon returning a third time, around 6 p.m., the complainant found her personal belongings on the sidewalk and her daughter's bicycle missing. She leaned over and told her daughter to call 911. At that point she felt a pain on her left side. She did not see appellant hit

or kick her, but claimed that he was standing on her left side. The complainant admitted drinking a pint of vodka that afternoon.

The daughter, who was nine years old by the time of trial, testified that she had accompanied her mother on several trips to the apartment to retrieve their property. When they returned about 1 p.m., they saw their property on the sidewalk, and her mother told her to call 911. With 15 cents that her mother had given her, she went to a public telephone booth down the street and made the call. While at the booth she saw appellant kick her mother.[1]

Appellant testified that on the afternoon of November 23, 1983, he had seen Ms. Adams carrying bricks and stones and throwing them at his truck, which was parked next to the custodian's office in the rear of 3401 16th Street, N.W.[2] He grabbed her from behind, and she fell down on the ground. He denied hitting or kicking her. After she fell, he saw blood on her head, and went to call the police from the rental office in the apartment complex. According to appellant, the daughter was not present at the time the incident occurred behind 3401 16th Street, N.W. Appellant also testified that the only public telephone booth in the area was not visible from the place where the incident occurred.

Following the grant of his motion to employ investigative services in connection with his claim of ineffective assistance of trial counsel, appellant, through counsel appointed in connection with his direct appeal from his conviction, filed a motion pursuant to D.C.Code § 23–110 claiming ineffective assistance of counsel. He requested the appointment of counsel to pursue his § 23–110 motion, additional investigative authori-

---

1. Although the government suggests that the transcript can be read to show that the daughter testified that she saw appellant kick her mother while she (the daughter) was standing near her mother, this is, at best, a strained reading of the transcript. Each time the daughter appeared to say that she was near her mother, follow-up questions made it clear that she claimed she saw appellant kick her mother while she (the daughter) was at the telephone booth.

2. Although the transcript refers to "3301," this appears to be a typographical error in view of witnesses' statements, some of which included maps of the area, that appellant's truck was parked in the lot behind 3401 and 3403 16th Street, N.W., and the ambulance report that the complainant was picked up at 3403 16th Street, N.W. In his ex-parte report of investigation filed with the trial court, appellant explained that 3401 and 3403 16th Street are addresses for a single apartment building.

ty, and a hearing upon completion of the investigation. Thereafter, appellant filed additional submissions in support of his motion. On December 21, 1989, without a hearing, the trial judge denied appellant's motion, finding that some of the allegations had no factual predicate, others if true would merit no relief, and that none, individually or cumulatively indicated the absence of a fair trial. The judge ruled that the "defendant fail[ed] to establish any significant acts or omissions which were outside the range of professional competence or any errors which, but for those errors, would produce a different result." *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Ellerbe v. United States,* 545 A.2d 1197, 1198 (D.C.), *cert. denied,* 488 U.S. 868, 109 S.Ct. 174, 102 L.Ed.2d 144 (1988). Moreover, the trial judge ruled that because appellant's claims could be disposed of by resorting to the files and records of the case, a hearing was not required. The judge also denied appellant's motion for reconsideration.[3]

## II

■■■ The court has long observed that claims of ineffective assistance of trial counsel raised pursuant to D.C.Code § 23–110 will usually require a hearing since the trial record will not typically provide the trial court, or this court, with a basis on which to determine whether allegations of ineffectiveness can be rationally explained as reasonable tactical decisions by trial counsel.[4] *See, e.g., Gibson v. United*

*States,* 388 A.2d 1214, 1216 (D.C.1978). More generally, there is a presumption that the trial judge should conduct a hearing, *see Ramsey, supra* note 4, 569 A.2d 142; *Gaston v. United States,* 535 A.2d 893 (D.C.1988), "[u]nless the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." D.C.Code § 23–110; *see also Ellerbe v. United States, supra,* 545 A.2d 1197. To uphold the denial of a § 23–110 motion without a hearing, this court must conclude that under no circumstances could the movant establish facts warranting relief. In giving effect to the rule, the court has recognized that a hearing is not required if there are (1) vague and conclusory allegations, (2) palpably incredible claims, or (3) assertions that would not merit relief even if true. *Ramsey, supra* note 4, 569 A.2d at 147 (citing *Pettaway v. United States,* 390 A.2d 981, 983–84 (1978); *McClurkin v. United States,* 472 A.2d 1348, 1353 (D.C.), *cert. denied,* 469 U.S. 838, 105 S.Ct. 136, 83 L.Ed.2d 76 (1984)).

Appellant contends that the trial judge erred by denying his motion without a hearing. Specifically, he maintains that his trial counsel was ineffective because his failure to adequately investigate the location of the incident, to prepare a defense, and to examine witnesses on direct and cross-examination resulted in an uncorroborated defense that pitted the credibility of appellant against the credibility of the complainant's nine-year old daughter despite evidence known to trial counsel that could

---

3. The court consolidated appellant's direct appeal from his conviction, his appeal from the denial of his application for release pending appeal, and his appeals from the denial of his § 23–110 motion and of his motion for reconsideration.

4. To succeed on an ineffective assistance of counsel claim, the movant must meet the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Rice v. United States,* 580 A.2d 119, 122 (D.C.1990); *Ramsey v. United States,* 569 A.2d 142, 147 (D.C.1990). "The benchmark for judging any claim of ineffectiveness must be whether the counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having

produced a just result." *Strickland v. Washington, supra,* 466 U.S. at 686, 104 S.Ct. at 2064. Thus, in the face of a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, *Hill v. United States,* 489 A.2d 1078, 1080 (D.C.1985), *cert. denied,* 476 U.S. 1119, 106 S.Ct. 1980, 90 L.Ed.2d 663 (1986) (citation and quotation marks omitted), a movant must show not only that trial counsel's performance was deficient under prevailing professional norms, but also that but for trial counsel's error there is a reasonable probability that the defendant would have been found not guilty. *Strickland v. Washington, supra,* 466 U.S. at 693, 694, 104 S.Ct. at 2067, 2068. *See also Simpson v. United States,* 576 A.2d 1336 (D.C.1990).

have corroborated appellant's testimony and discredited the daughter's testimony. In support of the claim of ineffective assistance of trial counsel, new counsel filed an *ex parte* investigative report and a supplemental investigative report with the trial court. In the reports, counsel proffered physical evidence regarding the location of the incident and the location of the telephone booth, and whether a person at the public telephone booth could have observed the incident, and he concluded that "[t]he phone is not within sight of the parking lot where the defendant claims the incident occurred." Counsel also proffered the statements of eleven witnesses, each of whom would have confirmed some portion of appellant's version of the incident. According to their statements, the witnesses would have testified that the complainant was drunk, that her daughter was not present at the site of the incident behind 3403 16th Street, N.W. where appellant's truck was parked when the complainant was injured, that the complainant had thrown stones or bricks and shattered the windshield of appellant's truck, and that they did not see appellant strike the complainant. Thus, appellant claimed, trial counsel was deficient by failing to mount an effective defense based on appellant's contention that the incident took place at a different location than the government claimed, and that because the incident occurred where appellant testified it did, the complainant's daughter would not have been able to see the incident from the phone booth.

◼ The trial judge rejected appellant's contention that trial counsel was ineffective by not impeaching the complainant and her daughter about the location of the incident. Notwithstanding an ambulance report, which trial counsel did not introduce into evidence at trial, that stated that the complainant had been picked up from 3403 16th Street, N.W., the judge concluded that impeaching the complainant would only have given her the opportunity to repeat "her firm direct testimony on the location of the assault." Similarly, the trial judge found that the impeachment of the daughter might have garnered sympathy for the child and her mother, thus hindering rather than helping appellant's defense.

While the decision not to impeach a witness often may, in fact, be a tactical decision of counsel, the difficulty with such a conclusion in the instant case is that at trial the complainant was not specific about the location of the incident but the daughter was specific about seeing appellant kick her mother. The complainant's testimony was very vague about precisely where she was when she fell, and thus her testimony was not necessarily inconsistent with appellant's testimony about where the incident occurred. While she testified that appellant's apartment was located at 1505 Newton Street, she did not claim that she fell at that location. Had she been asked where she fell she might have admitted that she was behind 3403 16th Street, or that she did not remember. Had she denied being behind 16th Street, she then would have been faced with explaining how she came to be picked up by the ambulance behind 3403 16th Street.

By contrast, the daughter stated twice on cross examination that she had witnessed appellant kicking her mother while she (the daughter) was at the telephone booth. She was never asked about appellant's truck or where her mother fell. Thus, counsel did not question the daughter—the government's only eyewitness who says appellant kicked the complainant—about the location of the incident and thereby failed to challenge the government's only evidence in conflict with key aspects of appellant's story. Under these circumstances, the trial judge could not reasonably find, without a hearing to examine trial counsel's explanations, that trial counsel's failure to impeach the two government witnesses about the location of the incident was a reasonable tactical decision. *Mack v. United States*, 570 A.2d 777, 784 (D.C.1990); *Curry v. United States*, 498 A.2d 534, 550 (D.C.1985).

◼ Likewise, trial counsel's failure to establish by documentary and evidentiary testimony the location of the incident cannot be viewed, on the basis of the trial

record, as a reasonable tactical decision. *See Rice, supra* note 4, 580 A.2d at 122–23. Trial counsel failed to produce for introduction into evidence the ambulance report, which would have provided, as appellant contends, some corroboration for his testimony on the location of the incident. Even if the report could not verify the location of the incident, it raised the question of how the complainant came to be found on 16th Street rather than on Newton Street. Absent evidence that the complainant had been moved after falling, the ambulance report supported appellant's position that the incident occurred in the parking lot near the custodian's office.

Trial counsel also could have introduced documentary evidence on the physical layout of the apartment complex, the parking lot, and the location of the public telephone booth. If the incident causing the complainant's injury took place in a location that the daughter could not have seen from the phone booth, then appellant was clearly prejudiced, since the daughter was his only direct accuser. Although the daughter testified twice that she saw appellant kick her mother, the daughter claimed that she saw the assault while she was at the telephone booth. Documentary evidence regarding the physical location of the incident, as proffered in appellant's § 23–110 motion, would have been devastating to the daughter's testimony since it would have shown that it was impossible for the daughter to see what she said she saw from the telephone booth.

Furthermore, the proffered statements of witnesses who supported appellant's version of events also demonstrate that appellant could have met the *Strickland* test. The failure of trial counsel to present such witnesses is inexplicable on the record.[5] The complainant did not know how she came to be injured, and her daughter claimed to be in a place which would have made it impossible for her to see the area where appellant and the proffered witnesses claimed the incident occurred. At least one witness saw what happened immediately before Ms. Adams threw the bricks and stones at appellant's truck and what happened afterwards. Other witnesses, while not eyewitnesses to the complainant's injury, corroborated significant aspects of appellant's testimony. The alleged discrepancies between the proffered testimony are minor; for example, the witnesses described the complainant as being "heavy, light skinned," "medium size" and "brown skinned," and "tall, slim with medium complexion." Such discrepancies would have been for a jury to evaluate, and they are not of a magnitude that would cause reasonable counsel to forego calling the witnesses who could corroborate key aspects of appellant's defense. *See Rice, supra* note 4, 580 A.2d 119.

Appellant's final contention, that trial counsel failed to interview medical personnel and police officers regarding Ms. Adams' lack of sobriety, is less compelling since Ms. Adams admitted drinking a pint of vodka that afternoon. Still, it could have assisted the defense to show that Ms. Adams was so drunk that appellant's description of her fall after he grabbed her was consistent with her lack of sobriety.

Accordingly, even if some of appellant's claims were vague and conclusory, and others, even if true, would not merit relief, his contention regarding trial counsel's failure to establish the location of the incident through cross-examination, supported by documentary evidence and corroborating defense witnesses, would meet the *Strickland* standard, and consequently, the trial judge erred by denying his § 23–110 motion without a hearing. Therefore, appellant presented supporting evidence in his motion that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would

---

5. Appellant's contention that trial counsel provided ineffective assistance because he failed to find and call character witnesses on behalf of appellant is unpersuasive. *See McAdoo v. United States,* 515 A.2d 412, 422 (D.C.1986). Appellant had prior convictions for armed robbery and robbery, and any character witnesses would have been impeached.

have been different." *Strickland v. Washington, supra,* 466 U.S. at 694, 104 S.Ct. at 2068.[6]

Reversed.

---

**6.** Appellant also contends that his attorney failed to examine the location of the incident to determine where the incident took place. While this claim has no factual foundation, it defies belief that defense counsel knew that the daughter could not have seen the incident from the telephone booth and yet would not have introduced evidence to that effect. *See Ramsey, supra* note 4, 569 A.2d at 147. Unlike the allegations in *McClurkin, supra,* 472 A.2d at 1353, appellant's motion could not be denied as raising vague and conclusory allegations which do not merit a hearing.