James M. HEAD, Appellant,

v.

**UNITED STATES, Appellee.**

Nos. 89–CO–1374, 91–CO–1068.

District of Columbia Court of Appeals.

Argued March 23, 1993.

Decided June 10, 1993.

George A. Fisher, Washington, DC, appointed by this court, for appellant.

Ann K.H. Simon, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty. at the time the briefs were filed, and John R. Fisher, and Roy W. McLeese, III, Asst. U.S. Attys., Washington, DC, were on the brief, for appellee.

Before ROGERS, Chief Judge, and FERREN, Associate Judge, and KERN, Senior Judge.

ROGERS, Chief Judge:

Appellant James M. Head was convicted by a jury in 1980 of felony murder while armed, premeditated murder while armed, armed kidnapping, and armed robbery. On direct appeal, the court affirmed all except the kidnapping convictions. *Head v. United States (Head I)*, 451 A.2d 615 (D.C. 1982). Since then appellant has filed three *pro se* motions attacking his convictions on the ground that he was denied his Sixth Amendment right to the effective assistance of counsel. On each occasion, the trial court denied the motions without hearings and without appointing counsel to represent appellant. This court affirmed the denial of appellant's first *pro se* motion for a new trial pursuant to Super.Ct.Crim.R. 33 and D.C.Code § 23–110 (Repl.1989), on the basis that appellant had failed to show cause for, or prejudice from, the failure to present on direct appeal his claim of trial court error in refusing to admit certain impeachment evidence. *Head v. United States (Head II)*, 489 A.2d 450, 451 (D.C. 1985).

In these consolidated appeals,[1] appellant contends that the trial judge erred in summarily denying his two most recent *pro se* motions to vacate his conviction pursuant to D.C.Code § 23–110. We affirm the denial of appellant's motion in appeal No. 89–CO–1374 because the issue of ineffective assistance of appellate counsel is not properly before the court. We affirm the denial of appellant's motion in appeal No. 91–CO–1068, on the merits, except we remand the case to the trial court to vacate appellant's convictions for felony murder.

### I.

Appeal No. 89–CO–1374: *Ineffective Assistance of Appellate Counsel in the Direct Appeal.* In 1989, appellant *pro se* filed a § 23–110 motion, alleging that he had been denied his Sixth Amendment right to the effective assistance of counsel in his direct appeal on the basis that his then appellate counsel had failed to file a petition for a writ of certiorari with the Supreme Court of the United States. Attached to the motion was appellant's affidavit stating that his counsel had failed to prepare and file such a petition and that appellant had not waived that right.[2] The trial judge denied the motion, concluding that a motion under § 23–110 did not provide the proper mechanism for review of claims of ineffective assistance of appellate counsel, and that even if it did, appellant was entitled to no relief.

In *Watson v. United States*, 536 A.2d 1056 (D.C.1987) (en banc), *cert. denied*, 486 U.S. 1010, 108 S.Ct. 1740, 100 L.Ed.2d 203 (1988), the court set forth the procedure for raising ineffective assistance of appellate counsel claims. The court held that "[a] motion in this court to recall the mandate is the appropriate avenue to take" when challenging the effectiveness of ap-

---

1. The appeals were consolidated by the court *sua sponte* on October 18, 1991. Current counsel was appointed by this court after appellant filed his appeal in No. 89–CO–1374.

2. At oral argument, counsel indicated that there had been a discussion between appellant and his counsel regarding the filing of a petition for certiorari and counsel had advised against it. In his brief on appeal, appellant raised for the first time the claim that appellate counsel in his direct appeal was deficient for failing to advise appellant how to file a *pro se* petition on his own. Even if this claim is properly before the court, *but see Atkinson v. United States*, 366 A.2d 450, 453 (D.C.1976), it is clear that it would fare no better than appellant's claim that appellate counsel was deficient for failure to file the petition for certiorari himself.

pellate counsel. *Id.* at 1060. *See* D.C.App.R. 41(c). Success on an ineffective assistance of appellate counsel claim entails three steps. First, the appellant must file a motion with this court to recall the mandate. Second, a motions division must decide whether or not to grant the motion on the basis that the claim "initially has been found by the court to have sufficient merit." *Id.* at 1061. Third, if the division finds such merit in the claim, then by granting the motion to recall the mandate, the direct appeal is revived and the court will proceed to determine whether or not the appellant was denied the effective assistance of appellate counsel.[3] *Id.*

■ Although appellant's claim that former appellate counsel was ineffective for failing to file a petition for certiorari relates to a remedy after conclusion of this court's review of appellant's claims, we disagree with his position that a motion under § 23–110 is the proper way to proceed to raise such a post-appellate claim. By its very terms, § 23–110 does not authorize the relief that appellant seeks even if the court were to conclude that he was denied the effective assistance of counsel because appellate counsel failed to file a petition for certiorari review. Under § 23–110, only the judgment of conviction in the trial court is vacated. To revive the direct appeal from his conviction, or the appeal from the denial of his first motion to vacate, appellant must, as *Watson, supra*, makes clear,

move to recall the mandates.[4] Only in that manner can appellant get the certiorari clock going.

■ Accordingly, in order to present a claim of ineffective assistance of appellate counsel in failing on direct appeal to file a petition for a writ of certiorari, appellant had to file a motion to recall the mandate in *Head I.* However, although appellant, by present counsel, filed motions on July 1, 1991, to recall the mandates in *Head I* and *Head II,* the merits underlying his challenge to the denial of his § 23–110 motion are still not properly before the court. The court denied appellant's motion on August 5, 1991, after briefing by appellee. By denying his motion, the court found that it did not have sufficient merit.[5] *See Watson, supra,* 536 A.2d at 1061. Therefore, because appellant's direct appeal, *Head I,* and collateral appeal, *Head II,* have not been revived and because examination of an ineffective assistance of appellate counsel is inappropriate in a collateral attack motion filed pursuant to § 23–110, *Watson, supra,* 536 A.2d at 1060 (quoting *Streater v. United States,* 429 A.2d 173, 174 (D.C. 1980), *cert. denied,* 451 U.S. 902, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981)), the court is not in a position to review the allegations of ineffective assistance of appellate counsel.

In other words, appellant's purported appeal from the denial of the § 23–110 motion, which was predicated on the same

---

**3.** Although appellant has not met the 180–day requirement in D.C.App.R. 41(c) for moving to recall the mandate, that requirement is inapplicable to mandates issued prior to the effective date of the amendment to the rule imposing the time limitation. *Hines v. United States,* 547 A.2d 988, 989 (D.C.1988) (per curiam). Moreover, appellant has appeared *pro se* through many stages of these proceedings; all of his motions on collateral attack were filed *pro se. See Pettaway v. United States,* 390 A.2d 981, 984 (D.C. 1978).

**4.** Furthermore, contrary to appellant's suggestion, this court is best suited to determine whether counsel has failed to fulfill his or her responsibilities with regard to post-appellate relief. The court views as falling within the responsibilities of counsel representing a defendant on direct appeal, the responsibility to advise the defendant of such further legal reme-

dies as may be available to him. *Cf. Corley v. United States,* 416 A.2d 713, 714 (D.C.) (statutory right to counsel to prepare petition for writ of certiorari on direct appeal), *cert. denied,* 449 U.S. 1036, 101 S.Ct. 614, 66 L.Ed.2d 499 (1980). While we need not decide in the instant case whether counsel was ineffective for failing to file a petition for certiorari, were that issue properly before us, the court would need to evaluate prejudice, in light of a potential constitutional claim of ineffective assistance, when review is discretionary, as in the case of certiorari review. As between the trial and appellate courts, the District's highest court is better suited to make the determination.

**5.** At oral argument, counsel conceded appellant did not seek review of this initial denial by a petition for rehearing or rehearing en banc by the court or by filing a petition for certiorari with the United States Supreme Court.

ground as the motion to withdraw the mandate—namely, appellate counsels' failures in *Head I* and *Head II* to file a petition for certiorari review, and the failure of appellate counsel in *Head II* to raise the issue of previous counsel's failure to file a petition for certiorari review after *Head I* was decided—is not properly before the court. Appellant cannot use this appeal to relitigate issues that the court has previously resolved against him. *See Doepel v. United States*, 510 A.2d 1044, 1045–46 (D.C. 1986); *Atkinson, supra* note 2, 366 A.2d at 453. Unless the purported appeal from the denial of the motion to recall the mandate is properly before the court, the court is not in a position to consider the ineffective assistance of appellate counsel claim.

## II.

Appeal No. 91–CO–1068: *Ineffective Assistance of Trial Counsel Claim.* In 1991, appellant *pro se* filed a § 23–110 motion on the ground of ineffective assistance of trial counsel, who, allegedly, (1) had no prior criminal experience, (2) failed to object to the government's aiding and abetting instruction as amending the indictment, (3) failed to obtain, and have admissibility ruled on, *Jencks*[6] material prior to trial, (4) failed to challenge the sentences imposed, (5) failed to object timely to the introduction of the *Miranda*[7] rights waiver card, and (6) failed to object to the denial of appellant's motion to change into street clothes for his testimony. In an attached affidavit, appellant claimed that his trial counsel had been incompetent and that he

suffered prejudice as a result. The trial judge denied the motion without a hearing.

"To uphold the denial of a § 23–110 motion without a hearing, this court must conclude that under no circumstances could the movant establish facts warranting relief." *Wright v. United States*, 608 A.2d 763, 766 (D.C.1992). Although hearings on § 23–110 motions are particularly appropriate where the movant alleges ineffective assistance of counsel, *Smith v. United States*, 608 A.2d 129, 131 (D.C.1992), "an evidentiary hearing on an ineffective assistance claim is not compelled in every case." *Gray v. United States*, 617 A.2d 521, 523 (D.C.1992). The court has identified three categories of claims that warrant summary dismissal: "(1) vague and conclusory allegations, (2) palpably incredible claims, and (3) assertions that would not merit relief even if true." *Ramsey v. United States*, 569 A.2d 142, 147 (D.C.1990) (citations omitted). *See also Gibson v. United States*, 388 A.2d 1214, 1216 (D.C.1978). Because the allegations contained in appellant's motion can fairly be characterized as falling into these categories, we find no error by the trial judge in denying the motion without a hearing.[8]

Several of appellant's claims, if true, do not merit any relief. For instance, appellant's Jencks claim of deficient performance by trial counsel is meritless. As the trial judge pointed out in her order, the Jencks Act is only applicable to prior statements of persons actually called as witnesses, and their statements need not be produced until after the witness has testified at trial. *See Rosser v. United States*, 381

6. *See* 18 U.S.C. § 3500; *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957).

7. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

8. We address the motion on the merits. Appellant's trial counsel was also his counsel on his direct appeal, and this may explain why certain contentions were not raised in his direct appeal. *See generally Angarano v. United States*, 312 A.2d 295 (D.C.1973), *petition for reconsideration denied*, 329 A.2d 453 (1974) (en banc). Although appellant has not suggested why he did not raise these claims in his earlier motions, as a *pro se* litigant, especially where the trial court

did not call for a response by the government, this court has no reason to conclude that appellant was aware of the need to meet the cause and prejudice requirements adopted by the court in *Head II* in response to one of his motions. Current counsel explained that appellant filed his 1991 motion while the appeal from denial of the 1989 motion was pending, and counsel acknowledged during oral argument that, in handling the appeal from the denial of the 1989 motion, he had not inquired of appellant whether he had any additional contentions to raise with regard to the alleged denial of his Sixth Amendment right to the effective assistance of counsel.

A.2d 598, 602 (D.C.1977); 18 U.S.C. § 3500(a).[9] Similarly unavailing to appellant is his claim that his trial counsel was deficient for failing to make timely objections to the government's introduction of the D.C. PD–47, the *Miranda* waiver-of-rights card. The trial judge found that the prosecution and the defense marked the defendant's statement as an exhibit, and that although the statement was never entered into evidence, the PD–47 form was. But, the PD–47 form is simply a piece of paper, with appellant's signature, showing that appellant waived his *Miranda* rights. At most the form indicated that appellant had been arrested and had given a statement to the police. These circumstances would hardly surprise the jury at his trial for a double murder, kidnapping, and robbery. Hence, as the trial judge found, the introduction of the PD–47 form resulted in no prejudice to appellant.

■ Also falling into this category is appellant's claim regarding the aiding and abetting instruction. Appellant asserts that trial counsel's failure to prevent the government from receiving the aiding and abetting instructions and his failure to argue against the aiding and abetting theory in closing constituted ineffective assistance of counsel. But, appellant also concedes that trial counsel did, in fact, object at trial when the government requested the aiding and abetting instruction. Hence, he faults his counsel for not objecting more effectively, specifically noting counsel's failure to argue that the request operated as an illegitimate, constructive amendment to the indictment. In view of the decision in *Head I, supra*, 451 A.2d at 626, that the trial judge did not err in giving an aiding and abetting instruction, appellant can show no prejudice as a result of trial counsel's failure to lodge a more vehement objection to the requested instruction.[10] *See Doepel, supra*, 510 A.2d at 1045–46. Like-

wise, the trial judge could properly conclude, on the basis of the files and records in the case, that appellant's contention that trial counsel was ineffective for failing to object that the indictment was amended as a result of the aiding and abetting instruction, was meritless. *See Ingram v. United States*, 592 A.2d 992, 1006 (D.C.1991).

In addition, appellant's remaining claims were vague and conclusory. The trial judge rejected appellant's assertion that trial counsel's alleged complete lack of criminal experience rendered him ineffective on the grounds that it was both factually and legally flawed. The judge found that the record and files demonstrated that trial counsel did have prior criminal experience, specifically noting that he had represented appellant in criminal matters in Maryland. Appellant has not proffered evidence to show that this finding was in error. Appellant's claim that trial counsel's failure to object to the denial of his motion to testify in street clothes rather than prison garb rendered him ineffective fails for a similar reason. Appellant has not, either in his brief or by supplementing the record on appeal, shown that the trial judge erred in finding that no such motion had been denied much less that appellant was compelled to appear in prison garb before the jury during his trial. *See Pettaway, supra* note 3, 390 A.2d at 984. Moreover, assuming the denial of such a motion, the issue was preserved for appeal without trial counsel having to object to the denial.

Furthermore, although the trial judge did not expressly resolve appellant's claim that trial counsel was ineffective for failing to insist on a certified copy of appellant's prior conviction, *see* D.C.Code § 14–305(c) (Repl.1989), appellant conceded in his *pro se* memorandum in support of his motion that he had truthfully acknowledged the prior conviction when questioned about it

---

**9.** 18 U.S.C. § 3500 provides:
(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection *until said witness has testi-*

*fied on direct examination* in the trial of the case. (Emphasis added).

**10.** Despite appellant's argument on this appeal that evidence of the existence of a principal in this case was "vague at best," the *Head I, supra*, court disagreed. *Head I*, 451 A.2d at 626.

at trial. Hence, the prosecutor had no need to adduce additional evidence on the point, and trial counsel had no reason to insist on a certified copy of the conviction. The trial judge could also properly reject as incredible—on the basis of the files and records, which indicated that the defense witnesses were only able to provide appellant with a partial alibi—appellant's contention that he would not have testified at trial if he had known he could have been impeached with his prior conviction.

"[T]o prevail on a § 23–110 motion, the movant must, as a threshold matter, allege with particularity those facts and circumstances as would demonstrate the allegations of ineffectiveness." *Ellerbe v. United States*, 545 A.2d 1197, 1198 (D.C.), *cert. denied*, 488 U.S. 868, 109 S.Ct. 174, 102 L.Ed.2d 144 (1988). Appellant's motion sets forth only broad, conclusory allegations, and his affidavit, rather than establishing with particularity facts existing beyond the record which warrant the holding of an evidentiary hearing, merely asserts summarily that "appointed counsel ... failed to render to petitioner effective assistance of counsel," and that "the petitioner has been severely prejudiced by the ineffectiveness of appointed counsel...." In addition, appellant has failed to show that the trial judge could not properly decide the motion on the basis of the files and records in the case since the nature of his claims of ineffective assistance of trial counsel did not involve counsel's conduct outside of the courtroom, such as his investigation and preparation for trial. *Id.* at 1198–99. Unlike cases in which trial counsel is alleged to have failed to investigate leads or interview and present witnesses, *see, e.g., Gray, supra,* 617 A.2d 521; *Gillis v. United States*, 586 A.2d 726 (D.C.1991); *Rice v. United States*, 580 A.2d 119 (D.C. 1990), where it is necessary to delve into

the tactical reasoning of the attorney, the claims raised by appellant were all capable of resolution by reference to the files and records or on the basis that, if true, they did not entitle appellant to any relief. *See also Sykes v. United States*, 585 A.2d 1335, 1340 (D.C.1991); *Gaston v. United States*, 535 A.2d 893, 900 (D.C.1988).

Accordingly, we find no error by the trial judge in denying appellant's motion without a hearing. However, because, as the trial judge found and the government concedes, appellant's claim regarding sentencing has some merit, we remand the case to the trial court for resentencing;[11] otherwise we affirm.

11. Appellant was convicted of two counts of premeditated murder, two counts of felony murder, and two counts of robbery. *Head I, supra,* 451 A.2d at 615. According to the government's brief, appellant was sentenced to twenty years to life for each of the four murder convictions, and ten to thirty years for each of the robbery convictions. The sentences relating to crimes against each victim were concurrent to each other, but consecutive to the sentences imposed for the crimes against the other victim. The premeditated murder and felony murder convictions relating to each single victim, however, cannot coexist. *See Byrd v. United States,* 510 A.2d 1035, 1036–37 (D.C.1986) (en banc). The government suggests that the felony murder convictions should be vacated.