**Rufus SHEPARD, Jr., a/k/a Shep, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 85–606.**

District of Columbia Court of Appeals.

Argued Jan. 7, 1987.

Decided Dec. 2, 1987.

William T. Morrison, Washington, D.C., appointed by this court, for appellant.

Patricia A. Riley, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell and Helen M. Bollwerk, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before BELSON and ROGERS, Associate Judges, and NEBEKER, Associate Judge, Retired.*

* Judge Nebeker was an Associate Judge of this court at the time of oral argument. His status changed to Associate Judge, Retired, on September 1, 1987.

BELSON, Associate Judge:

Appellant Rufus Shepard contends on appeal that the trial court erred in denying, without a hearing, his motion to vacate his sentence, D.C. Code § 23–110 (1981), on the ground that he was denied his sixth amendment right to the effective assistance of counsel at trial. We find appellant's contentions unpersuasive, and therefore affirm the trial court's denial of his motion.

Following a 1979 jury trial in which appellant was tried with four codefendants for offenses arising out of the armed robbery of a laundromat, appellant was convicted of three counts of armed robbery, D.C. Code §§ 22–2901, –3202 (1981) (amended 1983), and was acquitted on two counts of assault with a dangerous weapon, D.C. Code § 22–502 (1981). On direct appeal, newly appointed counsel for appellant contended that the trial court had erred in denying his motion during trial to compel a physical and mental examination of Rosetta Ross,[1] an accomplice of appellant who had been the principal witness for the government. This court rejected that claim and affirmed appellant's conviction. *Hilton, supra* note 1, 435 A.2d at 388, 392. Appellant thereafter filed two motions for reduction of sentence, the second of which was granted by the trial judge, who reduced appellant's minimum term from ten years to nine years.

In 1983, appellant filed a motion to vacate and set aside judgment of conviction and for a new trial, pursuant to D.C.Code § 23–110 (1981). Appellant based his motion on alleged ineffective assistance of counsel in two respects. The first was trial counsel's failure to move before trial for a competency evaluation of Rosetta Ross, the primary witness against appellant at trial. The second was counsel's failure to move to sever appellant's trial from that of his codefendants. The trial court denied appellant's § 23–110 motion without a hearing. This appeal followed.

1. The motion requested that a "qualifying" doctor fully explore the witness' present condition. On direct appeal, this court interpreted that request as a motion for a physical and mental examination of Ross. *See Hilton v. United States,* 435 A.2d 383, 387 (D.C.1981).

The government contends that appellant's ineffective assistance of counsel claims are barred because appellant has shown no cause for his failure to raise them at the time of his direct appeal and no prejudice resulting from his trial counsel's alleged ineffectiveness. *Cf. United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982) (requiring showing of both cause and prejudice for collateral attack when petitioner failed to raise claim on direct appeal); *Head v. United States*, 489 A.2d 450, 451 (D.C.1985) (same).

On several occasions, this court has suggested that an appellant who is aware of a basis for alleging ineffective assistance of trial counsel should file, during the pendency of direct appeal, a § 23–110 motion that adequately sets forth the grounds for the claim of ineffectiveness.[2]   *See Proctor v. United States*, 381 A.2d 249, 252 (D.C. 1977); *Coleman v. United States*, 379 A.2d 710, 713 (D.C.1977); *Angarano v. United States*, 329 A.2d 453, 457–58 (D.C.1974) (en banc); *see also* YOUNG LAWYERS' SECTION OF THE BAR ASSOCIATION OF THE DISTRICT OF COLUMBIA BAR ASSOCIATION, APPELLATE PRACTICE MANUAL FOR THE DISTRICT OF COLUMBIA COURT OF APPEALS 72–73 (1985). Where it is appropriate, that motion can furnish appellant a means of making a record regarding matters relevant to the ineffectiveness claim that do not appear in the record of the case on direct appeal. *Gibson v. United States*, 388 A.2d 1214, 1216 (D.C.1978) (per curiam). *See also United States v. DeCoster*, 159 U.S.App.D. C. 326, 487 F.2d 1197 (1973). When such a motion has been filed during the pendency of the direct appeal, this court has routinely granted requests for stay of the direct appeal so that, if the § 23–110 motion is denied, the appeal from its denial can be consolidated with the direct appeal. We have never before mandated that such a procedure be employed. We do so now, but only prospectively and only in those cases, like the instant case, in which appellant during the pendency of his direct appeal demonstrably knew or should have known of the grounds for alleging his attorney's ineffectiveness.

██  We now hold that, if an appellant does not raise a claim of ineffective assistance of counsel during the pendency of the direct appeal, when at that time appellant demonstrably knew or should have known of the grounds for alleging counsel's ineffectiveness, that procedural default will be a barrier to this court's consideration of appellant's claim.

██  Here, appellant's knowledge is demonstrable because the mistakes that appellant asserts his counsel made at trial related to the issues raised by appellant and his co-appellants in their direct appeals. Specifically, appellant's direct appeal raised the issue of the trial court's failure to grant a mid-trial motion for physical and mental examination of Rosetta Ross; his collateral attack raises his counsel's failure to move before trial for that examination. Appellant was necessarily aware of that omission during the pendency of his direct appeal, and there is no indication that, subsequent to the direct appeal, he learned anything that added significantly to the considerable information regarding Ross' mental condition that was spread throughout the record at trial. Similarly, appellant's knowledge of the grounds for seeking a severance was complete during the pendency of the direct appeal. Under circumstances such as these, there appears no reason why an appellant should not be required to make his arguments concerning

2.  We note that under federal practice, generally, a petitioner is discouraged from filing a collateral attack, pursuant to 28 U.S.C. § 2255, during the pendency of the direct appeal, and the trial court is discouraged, although not necessarily precluded, from considering a § 2255 motion filed at that time. *See United States v. Gordon,* 634 F.2d 638, 638–39 (1st Cir.1980); *United States v. Tindle,* 173 U.S.App.D.C. 77, 80–81 & n. 9, 522 F.2d 689, 693 & n. 9 (1975).

The United States Court of Appeals for the District of Columbia Circuit, however, recognized in *Tindle, supra,* that a challenge to the effectiveness of trial counsel's representation presents a special circumstance justifying consideration of a § 2255 motion during the pendency of a direct appeal. *Tindle,* 173 U.S.App. D.C. at 81 & n. 9, 522 F.2d at 693 & n. 9.

the ineffectiveness of his counsel during the pendency of his direct appeal.

■ We turn now to the question of how an appellant may surmount the barrier created by the procedural default of failing to press an available claim of ineffectiveness concurrently with a direct appeal. We must conduct our inquiry mindful of the constitutional basis of one's right to effective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). The most obvious candidate for employment as a standard for measuring a proffered justification for a belated claim is the "cause and prejudice" standard.[3]

The Supreme Court has applied that test to federal court review under 28 U.S.C. § 2254 of constitutionally-based collateral attacks on state convictions in instances of appellate procedural default. *Reed v. Ross,* 468 U.S. 1, 11, 104 S.Ct. 2901, 2907, 82 L.Ed.2d 1 (1984). Furthermore, at least one federal circuit has held that the "cause and prejudice" test applies to federal habeas corpus review pursuant to 28 U.S.C. § 2255 of constitutional attacks on federal court convictions as well, a review closely analogous to this court's review of Superior Court actions upon application under D.C.Code § 23–110. *See Norris v. United States,* 687 F.2d 899, 902–04 (7th Cir.1982).

We cited *Norris, supra,* with approval in *Head v. United States,* 489 A.2d 450 (D.C. 1985), where we stated:

> Relief under § 23–110 is appropriate only for serious defects in the trial which were not correctible on direct appeal or which appellant was prevented by exceptional circumstances from raising on direct appeal. *Atkinson v. United States,* 366 A.2d 450, 452 (D.C.1976) (citations omitted). Where a defendant has failed to raise an available challenge to his conviction on direct appeal, he may not raise that issue on collateral attack unless he shows both cause for his failure to do so and prejudice as a result of his failure. *Frady,* 456 U.S. at 167–68, 102 S.Ct. at 1594; *see Norris v. United States,* 687 F.2d 899 (7th Cir.1982) (applying *Frady* "cause and prejudice" standard to issue raised in § 2255 motion); *cf. Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (same standard held applicable to motions under 28 U.S.C. § 2254 (1982)).

*Id.* at 451. In *Head,* we did not make any distinction between constitutional and non-constitutional claims. There, the appellant belatedly claimed that the trial court had erred in refusing to allow the defense to impeach a government witness with two assertedly inconsistent prior statements. While we did not discuss whether the claim was constitutional, a strong argument that it was such arises from our more recent decision in *Bassil v. United States,* 517 A.2d 714 (D.C.1986). There we held that the trial court's erroneous refusal to permit the defense to use for impeachment purposes extrinsic evidence of a government witness' bad reputation for truthfulness must be tested for harmlessness under the standard applicable to constitutional error

---

**3.** The other standard which suggests itself for use here, the "deliberate bypass" test, is not well suited to the task because it cannot readily be applied to the failure of a party to observe a mandated procedure like that in question. It would be, at best, anomalous to test a party's failure to do what is mandatory by ascertaining whether that person had "deliberately bypassed the orderly procedure of the state courts by personal waiver of the claim amounting to 'an intentional relinquishment or abandonment of a human right or privilege.'" *Fay v. Noia,* 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963) (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)). *See Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986). Even if the burden of establishing that there was no deliberate bypass is placed on the petitioner, *see Beaty v. Patton,* 700 F.2d 110, 112–13 (3d Cir.1983), *but see Norris, supra,* 687 F.2d at 903–04, the petitioner's burden would seem unduly light in view of the fact that what petitioner would have failed to do was mandatory.

More significantly, the Supreme Court in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), specifically renounced the deliberate bypass test established in *Fay v. Noia, supra,* and held that a failure to comply with a state's procedural rule precluded an appellant's raising that claim later in a federal habeas corpus (28 U.S.C. § 2254) action, absent a showing of cause and prejudice.

set out in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Considering together the holdings in *Reed, Norris,* and *Head,* we conclude that the cause and prejudice standard is appropriate for testing efforts to surmount the barrier created by the particular type of procedural default involved here.[4]

Our holding that a showing of cause and prejudice is a prerequisite to this court's review of an appellant's claim where there has been such a procedural default, however, is prospective. *See United States v. Foster,* 251 U.S.App.D.C. 267, 271, 783 F.2d 1082, 1086 (1986). Accordingly, we reject in this appeal the government's contention that appellant's ineffectiveness claim is barred unless appellant establishes cause and prejudice. We therefore proceed to decide whether the trial court erred in denying, without a hearing, appellant's § 23–110 motion.

The test for the ground for relief appellant presses, ineffective assistance of counsel, was established by the Supreme Court in *Strickland v. Washington, supra.* Appellant's counsel was ineffective if his performance was deficient, *i.e.,* if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *id.* 466 U.S. at 687, 104 S.Ct. at 2064, and if counsel's deficient performance prejudiced the defense to such a degree "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. at 2068. Since appellant fails to establish the requisite amount of prejudice from either of counsel's alleged errors, we do not have to decide whether his performance was deficient.

■ There are two hurdles appellant must overcome to make a showing of prejudice sufficient to succeed on his first ineffectiveness claim. First, he must show that it is likely that the trial court, in the proper exercise of its discretion, would have granted a pretrial motion for a competency evaluation. Second, he must show that had the trial court granted the motion, it is likely that the outcome of the trial would have been more favorable to him. Appellant makes neither showing.

We deem it most unlikely that the trial court would have granted a pretrial motion for a competency evaluation had appellant's counsel made such a motion. Significantly, the trial judge denied a motion for a competency evaluation of Ross made by appellant during the trial, a denial we upheld on direct appeal. *Hilton v. United States, supra,* 435 A.2d at 387. The judge also denied appellant's motion to strike Ross' testimony after she had been thoroughly impeached on cross-examination with her past and present drug use, her criminal record, and her history of mental illness. The motion to strike essentially asked the court to rule that it previously had erred in denying the motion to evaluate Ross' competency to testify. The trial court denied the motion to strike on the ground that the matters brought out on cross-examination went to the weight and credibility of the witness' testimony in the eyes of the jurors rather than to her competence. This action by the trial judge, affirmed by this court, severely undercuts the argument appellant must make on this appeal that the trial court, in the proper exercise of its discretion, was likely to have granted a pretrial motion for a competency examination.

Appellant has also failed to demonstrate that a pretrial competency evaluation of Ross probably would have changed the outcome of the trial. Appellant contends that his trial counsel's failure to move for an examination "foreclosed any possibility, however remote" that the trial court would find Ross incompetent before trial or that

---

4. In considering placing this burden on proponents of certain § 23–110 motions, we are aware that such motions "may be made at any time." Section 23–110(b). This holding, however, does not limit the time in which such motions may be brought. It merely identifies a standard to be applied to them. Precisely the same language is present in 28 U.S.C. § 2255, the federal analogue of § 23–110, yet in some instances applicants under § 2255 are required to show cause and prejudice. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

the examination could provide the defense with psychiatric findings useful for cross-examination. We agree with the government that such speculation is insufficient to establish the reasonable probability of acquittal required by *Strickland*. Furthermore, with respect to appellant's second stated goal of obtaining psychiatric findings useful for cross-examination, we have already pointed out that the jury heard an abundance of material impeaching Ms. Ross, much of which related to her mental condition. In sum, appellant has failed to show any prejudice from the failure to move for a pretrial competency hearing that would support his ineffectiveness claim.

■ Appellant also argues that his trial counsel was ineffective because he failed to move to sever appellant's trial from that of his codefendants. Because the record in this case amply demonstrates Shepard's participation in the armed robbery as its initiator and as an aider and abettor, this case is distinguishable from those cases in which severance was found necessary when an appellant's involvement in the alleged offense is *de minimis* compared to that of his codefendants. *See Christian v. United States*, 394 A.2d 1, 21 (D.C.1978) (per curiam), *cert. denied*, 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979). Furthermore, the fact that the jury acquitted appellant of the assault with a deadly weapon charges, while it convicted Shepard's codefendants of similar charges, *see Hilton, supra* note 1, 435 A.2d at 386, makes it apparent that the jury was able to distinguish the evidence that pertained to each of the respective defendants. *Cf. United States v. Sampol*, 204 U.S.App.D.C. 349, 375, 636 F.2d 621, 647 (1980) (per curiam) ("we would find it *unreasonable* to expect that the jury succeeded in compartmentalizing the evidence adduced at this trial.") (emphasis in original).

■ Finally, appellant contends that the trial court erred in deciding his § 23–110 motion without a hearing. The trial court denied the motion on the ground that "the Motion, files and records of the case conclusively show that the prisoner is entitled to no relief...." D.C.Code § 23–110 provides that "[u]nless the motions and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon." It is apparent, therefore, that the trial court applied the appropriate standard. The issue then is whether the trial court applied the standard correctly.

In *Gibson v. United States, supra*, we interpreted § 23–110 to require "an evidentiary hearing *unless* the allegations of the motion itself are vague and conclusory, are wholly incredible, or, even if true, would merit no relief." 388 A.2d at 1216 (emphasis in original); *accord, McClurkin v. United States*, 472 A.2d 1348, 1352–53 (D.C.), *cert. denied*, 469 U.S. 838, 105 S.Ct. 136, 83 L.Ed.2d 76 (1984). We emphasized in *Gibson* that a hearing is often required when a motion alleges ineffective assistance of counsel, especially "where the ineffectiveness concerns facts *dehors* the original record." 388 A.2d at 1216. If those allegations are "[not] sufficient to indicate an absence of a fair trial ..., couched in conclusory terms with essentially no factual foundation—or ... patently frivolous on their face, even if true," *id.* at 1217, however, no hearing is required. *See also Miller v. United States*, 479 A.2d 862, 869–70 (D.C.1984) (emphasizing the importance of a § 23–110 hearing in a claim of ineffective assistance of counsel, both because § 23–110 is virtually a remedy of last resort and because the record in an ineffectiveness case often does not confirm or refute the allegation).

Appellant admits that the trial court could have decided the severance issue on the existing record, but argues that he was entitled to a hearing on the other prong of his ineffectiveness claim. Applying the above tests to this issue, it is clear that the trial court acted properly in denying appellant a hearing on his claim. Although appellant made a weak attempt to allege facts outside the record in support of his claim, it remains basically the type of claim that the trial judge could decide on the basis of the record before him and his recollection of the proceedings at trial.

The facts outside the record alleged by appellant were that his counsel failed to interview him thoroughly, failed to keep appellant informed about his case, failed to conduct an investigation of the case, and failed to interview Rosetta Ross. Since the petition provides absolutely no facts to support the first three allegations, they are obviously vague and conclusory, and therefore insufficient to justify a hearing. Counsel's failure to interview Ross is a specific allegation outside the record, but appellant suggests only that counsel would have learned that Ross was mentally incompetent. Appellant's counsel, however, learned about Ross' drug and mental illness history, at the latest, at trial and moved to strike her testimony as incompetent, a motion that the trial court denied. As discussed above, appellant provides us no basis for concluding that the trial court would have granted an earlier motion to find Ross incompetent. Therefore, since appellant would be entitled to no relief even if the facts as alleged are true, the trial court acted correctly in deciding appellant's § 23–110 motion without a hearing.

*Affirmed.*