Glenn SULLIVAN, Appellant,

v.

UNITED STATES, Appellee.

No. 97–CO–1119.

District of. Columbia Court of Appeals.

Argued Sept. 30, 1998.

Decided Nov. 5, 1998.

David L. Frecker, for appellant.

Michael Fitzpatrick, Assistant United States Attorney, with whom Wilma A. Lewis, United State Attorney, and John R. Fisher, and Thomas J. Tourish, Jr., Assistant United States Attorneys, were on the brief, for appellee.

Before STEADMAN, FARRELL, and RUIZ, Associate Judges.

RUIZ, Associate Judge:

Appellant seeks reversal of the trial court's decision to deny without a hearing his *pro se* § 23–110[1] motion to vacate his conviction alleging ineffective assistance of trial counsel. We affirm. Our affirmance, however, is without prejudice, so that any subsequent § 23–110 motion appellant may file is not precluded as "successive," based on the denial of the § 23–110 motion at issue in this appeal.[2]

On October 19, 1993, after a jury trial, appellant was convicted of heroin distribution pursuant to D.C.Code § 33–541(a)(1) (1993). He appealed on grounds that the trial court erroneously admitted evidence of two prior drug sales and that there was insufficient evidence to convict. This court issued an unpublished. opinion affirming his conviction, *Sullivan v. United States,* No. 93–CF–1642 (D.C. Mar. 16, 1995). Appellant was represented by the same counsel at trial and on his direct appeal.

On January 24, 1996, ten months after this court denied his direct appeal, appellant filed a *pro se* motion to vacate his conviction alleging ineffective assistance of counsel at trial.

1. D.C.Code § 23–110 (1996).

2. Although D.C.Code § 23–110(e) provides that "[t]he court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner," this provision is inapplicable in this case for the reasons that will be stated in the text.

D.C.Code § 23–110(a). The government opposed this motion asserting that collateral attacks based upon claims of ineffective assistance of counsel are barred if not raised during the pendency of an appellant's direct appeal. *See Shepard v. United States,* 533 A.2d 1278, 1280 (D.C.1987); *Ready v. United States,* 620 A.2d 233, 234 n. 2 (D.C.1993). Although the government recognized an exception to this bar when a defendant can show "cause" for failure to bring his claim during pendency of his direct appeal as well as resulting prejudice, *see Shepard, supra,* 533 A.2d at 1281, it argued that appellant made no attempt to show the required cause.

On May 14, 1997, the motions court, citing *Shepard,* denied appellant's § 23–110 motion without an evidentiary hearing, concluding that appellant was procedurally barred from bringing his claim because he did not raise it on direct appeal and failed to show cause for this failure or resulting prejudice.[3] At no time was the motions court informed by appellant or the government that the same counsel had represented appellant at trial and on direct appeal.[4] Therefore, based on the arguments before her, the motions judge's ruling was correct. As we review for trial court error and conclude there was none, we affirm.

Facts that have subsequently come to light, however, require that our affirmance not serve as a basis for precluding trial court consideration, on the merits, of appellant's motion claiming ineffective assistance of trial counsel. On appeal to this court, now represented by counsel, appellant argues, and the government concedes, that because appellant's trial counsel was also his appellate counsel, appellant's § 23–110 motion was not procedurally barred for failure to show "cause" as required by *Shepard.*[5] This court has found "cause" when appellant is represented by the same counsel at trial and at subsequent proceedings where an ineffective assistance claim might be raised. *See Ramsey v. United States,* 569 A.2d 142, 146 (D.C. 1990) (finding appellant free to pursue his ineffectiveness claim in a § 23–110 motion when appellant pled guilty on advice of counsel, thereby precluding a direct appeal, and was represented by the same counsel at a subsequent probation revocation hearing where counsel's ineffectiveness was raised). "It would be a conflict of interest for a lawyer to appeal a ruling premised on the lawyer's own ineffectiveness." *Id.; see also Brown v. United States,* 656 A.2d 1133, 1135–36 (D.C.1995) (noting the conflict of interest inherent in having trial counsel represent a defendant at a § 23–110 evidentiary hearing on ineffectiveness). Therefore, although we affirm the motions court's decision to deny appellant's § 23–110 motion, we do so without prejudice to a subsequent filing of a new § 23–110 motion which the trial court can assess on the merits.

*Affirmed.*

---

3. Although the motions judge used the *Shepard* "cause or prejudice" language in denying the motion, her order focused on appellant's failure to show "cause" for his untimely claim in light of the fact that he: a) should have known of his counsel's ineffective assistance at trial and b) demonstrated through his three *pro se* motions to reduce sentence that he was able to timely articulate his claims. The motions judge did not address the merits of the § 23–110 claim to ascertain potential prejudice.

4. The motions judge, Mildred M. Edwards, took over the case after the trial judge, Zinora M. Mitchell–Rankin, recused. Thus, the motions judge had no personal knowledge of who had represented appellant at trial. Moreover, during oral argument, before this court, the government recognized that it had simply overlooked that the same lawyer represented appellant at trial and on direct appeal; otherwise, it would not have argued for dismissal of the § 23–110 motion for failure to state "cause" under *Shepard, supra,* 533 A.2d at 1281.

5. In light of the government's concession, we do not reach any issue relating to "prejudice" within the meaning of *Shepard.* Whether appellant is entitled to an evidentiary hearing, the sole issue on appeal, is a matter entrusted in the first instance to the discretion of the trial court. We express no views on that matter at this point.