**Michael T. WATKINS, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**Nos. 96–CO–1310, 96–CO–1318.**

District of Columbia Court of Appeals.

Submitted Jan. 21, 1999.

Decided Feb. 11, 1999.

---

Irwin A. Goldberg, appointed by the court, was on the brief for appellant.

Wilma A. Lewis, United States Attorney, and John R. Fisher, Thomas C. Black, Henry K. Kopel, and Susan B. Menzer, Assistant United States Attorneys, were on the brief for appellee.

Before TERRY and STEADMAN, Associate Judges, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge:

Appellant Michael T. Watkins pled guilty to assault on a police officer, D.C.Code § 22–505(a) (1996 Repl.), and receiving stolen property, D.C.Code § 22–3832(a) (1996 Repl.). After sentencing, Watkins sent two handwritten documents to the Superior Court judge, requesting a withdrawal of his guilty pleas. The judge denied this request. Watkins appeals, claiming: (1) the denial of the request to withdraw the guilty plea was an abuse of discretion; (2) the trial court erred in denying the request without a hearing; and (3) he could not be convicted of assault on a police officer in the District of Columbia when the police officer was from Arlington County, Virginia. We disagree and affirm.

I.

Watkins was initially charged with destroying property, D.C.Code § 22–403 (1996 Repl.), second degree burglary, D.C.Code § 22–1801(b) (1996 Repl.), first degree theft, D.C.Code §§ 22–3811, –3812(a) (1996 Repl.), and receiving stolen property, D.C.Code § 22–3832(a). All of these charges stemmed from Watkins' conduct in the District of Columbia on October 5, 1994. On November 9, 1994, Watkins pled not guilty to all of these counts.

On January 5, 1995, Watkins was brought before the Superior Court of the District of Columbia in connection with a plea bargain arrangement. Watkins agreed to plead guilty to assault on a police officer and receiving stolen property. In return, the government would drop all other pending charges against Watkins, and agree not to pursue any further charges in connection with Watkins' conduct within the District of Columbia on October 5, 1994.

The court questioned Watkins regarding his guilty pleas. First, the court informed Watkins of the court's understanding of the plea bargain. The court then asked Watkins if he had consulted with his attorney, and if he had been given enough time to make his decision regarding his guilty pleas. Finally, the court asked if Watkins was satisfied with his attorney's services. To this, Watkins responded affirmatively.

The government then proceeded to inform both the court and Watkins what evidence would have been presented had there been a trial. With respect to the charge of assault on a police officer, the government represented that on October 5, 1994, Arlington County Police began chasing Watkins, who was driving a brown and white van, based on a report that Watkins was fleeing from a burglary scene in Virginia. Watkins drove

across the Memorial Bridge into the District of Columbia, with the Arlington police following him. At that time, United States Park Police also began to chase Watkins.

Watkins drove his van onto the Southeast Freeway and exited at 6th Street. After making several high speed turns, Watkins sped down an alley travelling toward 7th Street. Arlington County Police Lieutenant Mike Fortune parked his marked police cruiser on 7th Street, near the point where the alley intersected with 7th Street. Lieutenant Fortune was wearing his police uniform. Watkins made eye contact with Lieutenant Fortune and made a hard right turn. The van struck a corner of the police cruiser and hit Lieutenant Fortune's arm. Lieutenant Fortune was knocked backward and fell to the ground. When asked by the judge whether he did attempt to hit the officer, Watkins replied, "Yeah, I believe, I did because the police officer was in the path of me getting by."

With respect to the charge of receiving stolen property, the government represented that on March 26, 1994, a resident of the District of Columbia returned to his home at 649 A Street, N.E., to find the lock on his back door had been picked, and several items of property were missing. On March 25, 1994, a police officer encountered a person carrying several items, including a fax machine and a video cassette recorder. The person identified himself as Melvin Wilson. The property was identified as that stolen from 649 A Street. The person carrying the property was not arrested. Later, the officer who encountered this person identified him from a photo array as being Watkins. The government represented that Watkins had no right or permission to possess the property that had been recovered.

The court then asked Watkins if these representations were true. Watkins responded affirmatively. The court then informed Watkins that he had a right to have his case presented to a grand jury. Watkins responded that he waived that right. The court then informed Watkins that he had a right to a jury trial, and that if there was a jury trial, the government would have to prove its case beyond a reasonable doubt.

Watkins responded that he understood this. The court then informed Watkins that the longest sentence that he could receive for guilty pleas would be six years. The court then asked Watkins if anyone had pressured him into giving up his right to a trial. Watkins responded that no one had. The court then accepted Watkins' two guilty pleas.

The court sentenced Watkins on April 7, 1995. Watkins received consecutive terms of two hundred seventy days for receiving stolen property, and twenty months to five years for assaulting a police officer.

On February 16, 1996, Watkins sent a handwritten document to the judge, styled "Petition for Writ of Habeas Corpus—By Person in Custody—Pro Se." Watkins stated, "Defendant voluntarily decided under humiliation, embarrassment, ridicule, without competent medical attention, after being mortified, caused under severe and emotional distress and mental anguish l suffered right after this accident, which made me not intelligently waive my rights to an indictment and trial." Watkins claimed "the prosecutor had insufficient evidence to prove a case." Further, Watkins asserted that he had ineffective assistance of counsel because his attorney failed to investigate the facts of the case, and only spoke with Watkins about the possibility of plea bargain.

On March 25, 1996, Watkins sent a second handwritten document to the judge, styled "Writ of Habea [sic] Corpus." Watkins claimed that he "was not of the right state of mind to plea in the case." Further, Watkins stated that his acts were "due to the excessive force of the Arlington Police." Watkins also protested "the extraterritorial application of the language of the statute dealing with assault on police."

The judge treated these two handwritten documents as a motion to withdraw a guilty plea. On July 22, 1996, the judge denied this motion. Watkins filed a notice of appeal.

## II.

■ The first issue before us is whether the judge abused his discretion in denying the motion to withdraw the guilty plea. *See McClurkin v. United States*, 472 A.2d 1348,

1352 (D.C.), *cert. denied*, 469 U.S. 838, 105 S.Ct. 136, 83 L.Ed.2d 76 (1984). "A guilty plea may be withdrawn after sentencing only if the defendant affirmatively establishes that the trial court's acceptance of her plea was manifestly unjust, and that the plea proceeding was fundamentally flawed such that there was a complete miscarriage of justice." *Johnson v. United States*, 631 A.2d 871, 874 (D.C.1993) (citations omitted). *See also* Super. Ct.Crim. R. 32(e); *Eldridge v. United States*, 618 A.2d 690, 695 (D.C.1992).

■ In this instance, the court addressed Watkins directly, informing him of the elements of both crimes to which he pled guilty, of his right to a jury trial, and of the maximum penalties possible. Further, the judge inquired as to whether someone had pressured Watkins into giving up his right to a jury trial, and if he was satisfied with his attorney's services. Thus, the judge fulfilled the requirements of Super. Ct.Crim. R. 11(c). Watkins' guilty pleas were therefore made voluntarily, knowingly, and intelligently. *See Eldridge, supra*, 618 A.2d at 695 (citations omitted). Based on the court's own records, then, the judge could have denied Watkins' claim without a hearing, as the claims were palpably incredible. *See Goodall v. United States*, 584 A.2d 560, 562 (D.C. 1990) (citations omitted).

We next turn to Watkins' claim that ineffective assistance of counsel lead him to plead guilty. We have previously held that a trial judge did not err in denying a post-conviction claim of ineffective assistance of counsel without a hearing when the defendant made vague and conclusory allegations of inadequate preparation. *Shepard v. United States*, 533 A.2d 1278, 1283–84 (D.C.1987) (citations omitted). There, the defendant alleged that his counsel failed to interview him thoroughly, failed to keep him informed of the case, and failed to interview a named witness. *Id.* at 1284.

■ Here, Watkins claimed, "I was denied effective assistance of counsel who failed to investigate fact [sic] of this case, obtain discovery, failed to investigate witnesses, and who only talked about plea bargaining and how much time I would receive, which coerced me not to make an intelligent waiver

of my rights." Because the allegations in *Shepard* were more specific that those here (Shepard identified the name of one potential witness), we find Watkins' claim to be vague and conclusory. Therefore, the denial of the motion to withdraw the guilty plea without a hearing was not an abuse of discretion.

## III.

Finally, we address whether Watkins could be convicted of assaulting a Virginia police officer who was in the District of Columbia. This court has not decided whether a defendant may be convicted of assault on a police officer from a jurisdiction other than the District of Columbia. A review of the statutory language, however, leads us to the conclusion that such a conviction is authorized.

Under D.C.Code § 22–505(a), a person who assaults "any officer or member of any police force operating in the District of Columbia" can be convicted of assault on a police officer. The question then becomes whether a police force from another jurisdiction can be said to be operating in the District of Columbia.

D.C.Code § 23–901 (1996 Repl.) states:

Any member of a duly organized peace unit of any State (or county or municipality thereof) of the United States who enters the District of Columbia in fresh pursuit and continues within the District of Columbia in fresh pursuit of a person in order to arrest him on the ground that he is believed to have committed a felony in such State shall have the same authority to arrest and hold that person in custody as has any member of any duly organized peace unit of the District of Columbia to arrest and hold in custody a person on the ground that he is believed to have committed a felony in the District of Columbia.

■ Thus, by statute, a police force from another jurisdiction can lawfully operate in the District of Columbia so long as the police are in fresh pursuit of a person believed to have committed a felony in their own jurisdiction. We therefore hold that if a police officer from another jurisdiction enters the District of Columbia in fresh pursuit of

the defendant as permitted by D.C.Code § 23–901, the defendant may be convicted of assault on a police officer under D.C.Code § 22–505 for acts against that police officer occurring within the District of Columbia.

 In this instance, the Arlington County Police were in fresh pursuit of Watkins, who was believed to have committed a burglary. Under Virginia law, burglary is a felony. VA. CODE ANN. § 18.2–89 (Michie 1998). Their entry into the District of Columbia, then, was authorized by D.C.Code § 23–901. Under these circumstances, the Arlington County Police became a "police force operating in the District of Columbia." D.C.Code § 22–505(a). Therefore, Watkins' conviction of assaulting Lieutenant Fortune was authorized by the statute.

Accordingly, the judgment of conviction is

*Affirmed.*