**Robert J. LITTLE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 96–CO–635.**

District of Columbia Court of Appeals.

Submitted Jan. 25, 2000.

Decided March 23, 2000.

Steven H. Schiff, Washington, DC, appointed by the court, for appellant.

Anita La Rue, Assistant United States Attorney, with whom Wilma A. Lewis, United States Attorney, and John R. Fisher and Elizabeth H. Danello, Assistant United States Attorneys, were on the brief for appellee.

Before RUIZ and WASHINGTON, Associate Judges, and KING, Senior Judge.

WASHINGTON, Associate Judge:

On July 16, 1991, appellant Robert J. Little was convicted of one count of first degree murder while armed, two counts of possession of a firearm during a crime of violence or dangerous offense, assault with a dangerous weapon, and carrying a pistol without a license. Little appealed the verdict and, on October 6, 1993, this court issued a memorandum opinion and judgment denying his appeal. Subsequently,

Little filed five *pro se* motions to Vacate, Set Aside, or Correct Sentence pursuant to D.C.Code § 23–110.[1] On April 17, 1996, the trial court summarily denied all motions without a hearing, finding that Little failed to plead facts establishing deficient performance of trial counsel or prejudice under *Strickland v. Washington,* 466 U.S. 668, 685, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and advanced no good reason for not having raised his claims on direct appeal, citing *Shepard v. United States,* 533 A.2d 1278 (D.C.1987).

On appeal, Little contends that the trial court erred in rejecting his claims of ineffective assistance of counsel and committed reversible error in not granting a hearing on his claims. In support of his claims, Little argues that his trial counsel was ineffective by not adequately preparing and investigating his case, and by not filing a motion to suppress an involuntary statement. Additionally, Little claims, for the first time on appeal, that trial counsel did not file a motion to suppress unspecified physical evidence. Because we believe that Little's *pro se* petitions provided specific facts which arguably establish his claim of ineffective assistance of counsel for failure to file a motion to suppress a possible involuntary statement, we conclude that the trial court abused its discretion in denying his § 23–110 motion without a hearing. Accordingly, we reverse and remand.[2]

As articulated by the Supreme Court in *Strickland,* "[t]he Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel playing a role that is critical to the ability of the adversarial system to produce just results." "The benchmark for judging any claim of ineffectiveness must be whether counsel's

---

1. The *pro se* motions were filed on April 6, 1994; June 27, 1994; July 1, 1994; July 6, 1994; and July 14, 1994.

2. We discern no error in the trial court's ruling on the other § 23–110 motions concerning, *inter alia,* trial counsel's preparation

and investigation of the case. We further find no basis for Little's claim of trial counsel's failure to suppress physical evidence. We address only Little's claim of ineffective assistance of counsel for failure to file a motion to suppress the alleged involuntary statement.

conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. 2052. Therefore, in order to succeed on a claim of ineffective assistance of counsel, Little must demonstrate that counsel's performance was deficient under prevailing norms and that such deficiency on the part of trial counsel prejudiced his defense. *Id.* at 687, 104 S.Ct. 2052; *Smith v. United States,* 686 A.2d 537, 546–47 (D.C.1996), *cert. denied,* 522 U.S. 839, 118 S.Ct. 115, 139 L.Ed.2d 67 (1997).

■■■ Ordinarily, there is a presumption in favor of holding a hearing on a § 23–110 motion asserting a claim of ineffective assistance of counsel. *See Ready v. United States,* 620 A.2d 233, 234 (D.C. 1993). However, a hearing on a § 23–110 motion is not necessary "when the motion consists of (1) vague and conclusory allegations, (2) palpably incredible claims, or (3) allegations that would merit no relief even if true." *Id.* at 234. "Th[is] question of whether a hearing is required is confined to the sound discretion of the trial court...." *Webster v. United States,* 623 A.2d 1198, 1206 (D.C.1993); *see also Minor v. United States,* 647 A.2d 770, 776 (D.C.1994), *cert. denied,* 516 U.S. 935, 116 S.Ct. 347, 133 L.Ed.2d 244 (1995). Accordingly, we review the trial court's decision denying Little's § 23–110 motion without a hearing under an abuse of discretion standard.

■■ The trial court ruled that Little failed to plead facts establishing deficient trial counsel performance or prejudice within the meaning of *Strickland.* However, Little's *pro se* Motion to Vacate, Set Aside, or Correct Sentence, filed April 6, 1994, and the accompanying affidavit, specifically identifies several facts which, if true, provide a basis for his ineffective assistance of counsel claim based on the failure to file a motion to suppress a possible involuntary statement. In support of

his *pro se* motion, Little's affidavit alleges facts which contend that his statement to the police may have been involuntary, including that he was a minor and not allowed to have his parents present and that he was threatened with physical harm while being interrogated. Little also alleges that his statement to the police was involuntary as a matter of law because he was not given *Miranda*[3] warnings and was told that he did not need to have an attorney present during what he contends was custodial interrogation. Furthermore, Little's motion states that trial counsel was aware of the facts surrounding Little's interrogation, and did not take any action. We believe that his claims are more than vague and conclusory in nature, *Ready,* 620 A.2d at 234, and demonstrate, as a threshold matter, the allegations of ineffectiveness, *Ellerbe v. United States,* 545 A.2d 1197, 1198 (D.C.), *cert. denied,* 488 U.S. 868, 109 S.Ct. 174, 102 L.Ed.2d 144 (1988), demanding a hearing.

Despite the trial court's finding of no prejudice under *Strickland,* it is difficult to conceive that the improper admittance of the statement was harmless. In fact, this court specifically relied on a statement made by Little to the police in deciding that there was sufficient evidence to support his conviction on appeal in a filed memorandum opinion and judgment. Neither the government nor the trial court has addressed, in the context of *Strickland* prejudice, whether the statement Little contends should have been suppressed is the same statement that this court relied upon in affirming Little's convictions. Thus, because Little has alleged sufficient facts that counsel may have unreasonably failed to move to suppress an involuntary statement and there is a question of whether the introduction of the statement prejudiced his case, a hearing on the § 23–110 motion is necessary. *See Ready,* 620 A.2d at 234.

---

**3.** *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The trial court's alternative holding that Little advanced no good reason for not having raised his ineffective assistance of counsel claims on direct appeal according to *Shepard,* is invalid. Because Little was represented on direct appeal by the same counsel that represented him at trial, he is not procedurally barred from making a collateral attack based upon claims of ineffective assistance of counsel although the issue was not raised during the pendency of his direct appeal. *See Sullivan v. United States,* 721 A.2d 936, 937 (D.C. 1998) (holding that an appellant's § 23–110 motion is not procedurally barred for failure to show cause as required by *Shepard,* when appellate counsel was also trial counsel). "It would be a conflict of interest for a lawyer to appeal a ruling premised on the lawyer's own ineffectiveness." *Id.* (quoting *Ramsey v. United States,* 569 A.2d 142, 146 (D.C.1990)).

It was an abuse of discretion by the trial court to summarily deny Little's *pro se* Motion to Vacate, Set Aside, or Correct Sentence, filed April 6, 1994, alleging ineffective assistance of counsel, without a hearing. Accordingly, this case is reversed and remanded for a hearing on Little's § 23–110 motion.

*So ordered.*