**Craig A. WILLIAMS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 98–CO–1911.

District of Columbia Court of Appeals.

April 5, 2001.

Before WAGNER, Chief Judge; TERRY*, STEADMAN, SCHWELB*, FARRELL, RUIZ, REID, GLICKMAN, and WASHINGTON, Associate Judges; NEWMAN*, Senior Judge.

## ORDER

PER CURIAM:

On consideration of appellant's petition for rehearing and rehearing en banc, and the opposition thereto, it is

ORDERED by the merits division* that the petition for rehearing is denied; and it appearing that the majority of the judges of this court has voted to grant the petition for rehearing en banc, it is

FURTHER ORDERED that appellant's petition for rehearing en banc is granted and that the opinion and judgment of October 5, 2000, are hereby vacated. It is

FURTHER ORDERED that the Clerk shall schedule this matter for argument before the court sitting en banc as soon as the calendar permits. It is

FURTHER ORDERED that the parties shall simultaneously file new briefs on or before June 4, 2001, and shall file responsive briefs no later than July 19, 2001. Each party shall file ten copies of its briefs. These new briefs shall be specifically designed for consideration by and addressed to the en banc court and shall supersede all briefs previously filed in this appeal. In addition to any other arguments or points raised in their briefs, the parties shall address the following issues:

1. Does an attorney appointed to represent a defendant on appeal under the Criminal Justice Act, and who files a contemporaneous motion to vacate sentence under D.C.Code Section 23–110 in accordance with *Shepard v. United States*, 533 A.2d 1278 (D.C.1987), have a statutory duty to take necessary steps to preserve the denial of that motion for appellate review?

2. If so, does the breach of that duty violate due process, *see Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *see also, e.g., Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), which may constitute "cause" and therefore excuse the failure to note an earlier appeal in a subsequent collateral attack proceeding?

3. If the answer to question 1 is "no," does the due process right to effective assistance of counsel on direct appeal, *see Evitts, supra*, include the obligation of counsel to preserve for appeal the denial of a contemporaneous Section 23–110 motion?

4. In cases where a motion under Section 23–110 alleging ineffective assistance of counsel has been filed contemporaneously with a direct appeal that has been stayed, *see Shepard, supra*, may and, if so, should this court eliminate the requirement that a separate notice of appeal be filed from the denial of the Section 23–110 motion. *See Hall v. United States*, 559 A.2d 1321 (D.C. 1989); *In re E.G.C.*, 373 A.2d 903 (D.C. 1977)?

5. Does Superior Ct. Civ. R. 60(b)provide a vehicle for relief from an order denying a Section 23–110 motion

based on appointed counsel's negligent failure to note an appeal?

6. Is this an appropriate case for this court to reconsider the rule of *Shepard, supra,* and, if so, should the court continue to follow that rule?

It is FURTHER ORDERED that the Public Defender Service is invited to simultaneously file a brief as amicus curiae addressing these issues. It is

FURTHER ORDERED that any requests for extension of time will be looked upon with disfavor and will be granted only upon a showing of good cause.