Henry HUDSON, Jr., Appellant,

v.

UNITED STATES, Appellee.

Nos. 96–CF–558, 98–CO–608.

District of Columbia Court of Appeals.

Argued Dec. 18, 2001.

Decided Jan. 17, 2002.

Denise D. Green, Washington, DC, for appellant.

Rhonda T. Redwood, Assistant United States Attorney, with whom Kenneth L. Wainstein, United States Attorney at the

time the brief was filed, and John R. Fisher, Mary Patrice Brown, and Douglas K. Klein, Assistant United States Attorneys, were on the brief, for appellee.

Before FARRELL and WASHINGTON, Associate Judges, and FERREN, Senior Judge.

FARRELL, Associate Judge.

Before us is a combined direct appeal from appellant's convictions for malicious disfigurement while armed (D.C.Code §§ 22–406, –4502) (2001) and aggravated assault while armed (D.C.Code §§ 22–404.1, –4502), and an appeal from the denial of his post-conviction motion alleging ineffective assistance of counsel. *See* D.C.Code § 23–110 (2001). In the direct appeal, we affirm the judgment except that we remand for the trial court to vacate the aggravated assault conviction on grounds of merger. Regarding the collateral attack, however, we vacate the order denying the motion and remand for further proceedings.

## I.

■ At the outset, we reject appellant's challenge to the sufficiency of the evidence supporting the convictions. Viewed in the light most favorable to the government, *see Dickerson v. United States,* 650 A.2d 680, 683 (D.C.1994), the evidence fairly allowed the jury to find that he maliciously beat and burned the victim, leaving a permanent scar on her leg from a clothes iron, because in working for him as a prostitute she had failed to turn over an indeterminate sum of money. *See Edwards v. United States,* 583 A.2d 661,

668 (D.C.1990) (defining malicious disfigurement); *Nixon v. United States,* 730 A.2d 145, 149 (D.C.1999) (defining aggravated assault).

■ Second, we find no abuse of discretion in the judge's decision to admit limited evidence that appellant was the victim's pimp, who had recruited her in Minneapolis to go to Washington, D.C., together with another woman, to work for him as prostitutes. The evidence was properly admitted to explain appellant's motive in inflicting injuries of such severity on the victim. *See Drew v. United States,* 118 U.S.App. D.C. 11, 16, 331 F.2d 85, 90 (1964); *Daniels v. United States,* 613 A.2d 342, 345–46 (D.C.1992).

■ Third, trial in this case took place before our decision in *Gathy v. United States,* 754 A.2d 912 (D.C.2000), which requires the jury to be instructed on the definition of "serious bodily injury" for purposes of the crime of aggravated assault. *See Nixon,* 730 A.2d at 149–50 (defining serious bodily injury). As it happened, therefore, the trial judge failed to define that element for the jury, and appellant assigns this as error. The parties dispute whether appellant preserved the claim for appeal, *see Wilson v. United States,* 785 A.2d 321 (D.C.2001), but we need not decide that question. Instead, we hold that the instructional error was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).[1] In finding appellant guilty of malicious disfigurement while armed, the jury—applying the elements of that crime—found that as a result of her injury the victim was permanently disfigured.[2] The element of serious

1. As in *Zeledon v. United States,* 770 A.2d 972, 977 (D.C.2001), we do not decide whether the *Chapman* standard or the standard of *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), for non-constitu-

tional error governs the harmlessness determination with respect to this issue.

2. As the judge told the jury, a person is permanently disfigured if she "is appreciably less

bodily injury in the crime of aggravated assault, by contrast, can be satisfied by proof that the victim suffered *"protracted and obvious disfigurement,"* *Nixon*, 730 A.2d at 149 (emphasis added), a condition of lesser duration than the permanent disfigurement required for malicious disfigurement. The jury's finding with respect to the latter offense, therefore, leaves no room for doubt that had it been instructed on the meaning of serious bodily injury, its verdict would not have changed in finding appellant guilty of aggravated assault. *See Neder v. United States*, 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); *Carella v. California*, 491 U.S. 263, 271, 109 S.Ct. 2419, 105 L.Ed.2d 218 (1989) (Scalia, J., concurring); *White v. United States*, 613 A.2d 869, 879 (D.C.1992) (en banc); *Byrd v. United States*, 705 A.2d 629, 634 (D.C.1997).[3]

## II.

■ The § 23–110 appeal comes to us in an unusual posture. Following his convictions, appellant filed a *pro se* motion to vacate sentence alleging ineffective assistance of counsel on an assortment of grounds. The trial judge, recognizing that appellant had a direct appeal pending from the convictions, denied the motion without prejudice to it being refiled, and possibly refined, by counsel appointed for the direct appeal. *See Doe v. United States*, 583 A.2d 670, 674 (D.C.1990) ("[A]n inherent part of counsel's responsibility on direct appeal is to consider whether the client's interests require the filing of a motion under § 23–110 based on ineffectiveness of

counsel."). That attorney then filed a "protective" § 23–110 motion attaching appellant's *pro se* motion and asking leave to supplement the motion "with affidavits and other proof" after further investigation. Thereafter counsel moved for additional time "to prepare the § 23–110 motion papers for action on them by the [c]ourt," stating that he would "report" to the court within thirty days. The trial judge ordered the government to file a response and appellant's trial counsel to file an affidavit answering the allegations. The government moved for an extension of time stating that any response on its part would be premature because appellant's counsel had "not filed a final pleading" but instead one conditioned on further investigation. (The trial attorney also moved for additional time.) The judge thereupon denied the motion to vacate sentence, stating:

> Over three months after it was filed, defendant's motion to vacate the sentence remains incomplete. Defendant has even failed to comply with his self-imposed timeline by which to complete the motion or report to the [c]ourt.

It thus appears that the judge did not reach the merits of appellant's motion, either as originally filed *pro se* or as refiled by counsel. The order denying the motion contains no reference to the grounds of ineffectiveness raised and no explanation why a hearing was unnecessary to resolve any of them. *See* D.C.Code § 23–110(c). As the government acknowledged at oral argument in this court, the judge appeared to treat the motion as withdrawn

---

attractive or ... a part of [her] body is to some appreciable degree less useful or functional than it was before the injury." *See Perkins v. United States*, 446 A.2d 19, 26 (D.C. 1982).

**3.** We agree with the government that appellant's two convictions merge, so that on remand the trial court should vacate appellant's

conviction for aggravated assault while armed.

Appellant's remaining contention on direct appeal-that the prosecutor engaged in improper closing argument-fails under the applicable plain error standard. *See, e.g., McGrier v. United States*, 597 A.2d 36, 41 (D.C.1991).

or as dismissable for counsel's failure to "complete" it. If that is so—if the judge "denied" the motion without deciding the merits—then that was error. The *pro se* motion had not been withdrawn; indeed, it had been refiled as part of counsel's "protective" motion. And if the court's view was that counsel had delayed too long in supplementing the motion as promised, that alone was not a reason to deny it. *See Ramsey v. United States,* 569 A.2d 142, 148 (D.C.1990) (pointing out, *inter alia,* that the doctrine of laches is inapplicable to habeas-type actions). Rather, the proper course for the trial court when met with what it appeared to consider excessive requests by counsel to defer consideration of the motion was to reject them and decide the motion on the merits as presented in the papers filed. Because we have serious doubt whether the denial was on the merits, and because, in addition, we cannot say that appellant's claims of ineffectiveness are patently without merit on the record before us, we must vacate the denial and remand for further proceedings.

One claim of ineffectiveness appellant raised *pro se,* for example, and the one his attorney has featured on appeal, is that trial counsel failed to object to appellant's exclusion from part of the jury selection process held in a room behind the courtroom. *See Boone v. United States,* 483 A.2d 1135 (D.C.1984) (en banc). Appellant's affidavit accompanying his *pro se* motion asserts that he was absent from the proceeding, and the record as constituted does not refute that assertion. Although we do not decide whether these facts entitled appellant to a hearing on the issue, *but see, e.g., Head v. United States,* 626 A.2d 1382, 1385 (D.C.1993), they underscore the necessity for a remand and explicit consideration of appellant's entire motion on the merits.

## III.

We therefore affirm the judgment in No. 96–CF–558 except that we remand with instructions to vacate the conviction for aggravated assault while armed. In No. 98–CO–608, we vacate and remand for further proceedings consistent with this opinion.

*So ordered.*