**Evelyn V. BURTON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 99–CF–500.**

District of Columbia Court of Appeals.

Submitted Feb. 20, 2003.

Decided March 13, 2003.

---

Todd S. Baldwin, Washington, DC, was on the brief for appellant.

Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher, Roy W. McLeese, III, Marian Borum and Suzanne C. Nyland, Assistant United States Attorneys, were on the brief for appellee.

Before STEADMAN and FARRELL, Associate Judges, and BELSON, Senior Judge.

PER CURIAM.

A jury convicted appellant of malicious disfigurement while armed, aggravated assault while armed, and simple assault, all arising from injuries he inflicted on 66–year–old Myrtle Mackey. Appellant contends chiefly that the trial judge erroneously failed to instruct the jury on malice as an element of malicious disfigurement. It is true that in *Perkins v. United States,* 446 A.2d 19 (D.C.1982), the court listed as one of the elements of "the proper instruction for malicious disfigurement" whether "the defendant was acting with malice." *Id.* at 26. In *Comber v. United States,* 584 A.2d 26 (D.C.1990) (en banc), however, the *en banc* court took note of the instructional confusion that historically has attended the meaning of the word "malice" (the court

focused there on the "malice aforethought" required for proof of murder) and made the following suggestion:

> [W]e believe that a specific description of the mental states which suffice to establish malice, rather than the use of the general term "malice" and its definition [as stated elsewhere in the standard instructions] would provide clearer guidance to jurors. In cases in which there has been some evidence as to either justification, excuse, or mitigation, the jury could be instructed that the absence of justification, excuse, or mitigation, as defined by the trial court, is an element of the offense the government must prove beyond a reasonable doubt.

*Id.* at 42 n. 18. The drafters of the 1993 edition of the Criminal Jury Instructions for the District of Columbia (the "Redbook") applied this advice to the definition of malicious disfigurement, substituting for undifferentiated "malice" the following elements which the government must prove:

\*      \*      \*      \*      \*      \*

2. That the defendant acted voluntarily and on purpose, not by mistake or accident;

3. That, at the time the defendant inflicted the injury, s/he specifically intended to disfigure the complainant;

\*      \*      \*      \*      \*      \*

5. That the defendant did not act in self-defense; [and]

6. That there were no mitigating circumstances.

*See* Redbook Instruction 4.15.[1] The trial judge in this case instructed the jury in accordance with the Redbook definition.

■ We find no error in his doing so. *Perkins* is no obstacle to this formulation because its precise holding was that the trial court must instruct the jury on specific intent to disfigure as an element of malicious disfigurement, which the judge did here. *See* 446 A.2d at 21, 25; *Curtis v. United States,* 568 A.2d 1074, 1075 (D.C. 1990). Moreover, in the case of malicious disfigurement, all of the concepts traditionally embraced by the term "malice" are encompassed within the requirements that the government prove specific intent to permanently disfigure the victim, as well as the absence of both self-defense (where raised) and any mitigating circumstances. *See Perkins,* 446 A.2d at 26; *Comber, supra; cf. also Thomas v. United States,* 557 A.2d 1296, 1299–1300 (D.C.1989) (discussing meaning of "malice" for purposes of crime of malicious destruction of property).

■ Even if it were less certain than we believe it is that the standard instruction reflects no substantive change in the definition of malicious disfigurement, appellant made no objection to the instruction as given at trial, and, for the reasons stated above, he cannot show plain error. *See Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Appellant's other contention—that the evidence was insufficient to support his convictions for aggravated assault and malicious disfigurement while armed—has no merit. The jury was well within its authority in rejecting appellant's claim that he acted in self-defense in seriously burning Ms. Mackey with an electric iron; and it likewise had ample grounds on which to

---

1. The remaining, and unchallenged, elements of the standard instruction are:

    1. That the defendant inflicted an injury on the complainant; [and]

\*  \*  \*

    4. That, as a result of the injury, the complainant was permanently disfigured.

conclude that her injuries constituted disfigurement. *See* Br. for Appellee at 12–16.

 Although appellant does not raise the issue, the government concedes that appellant's convictions for aggravated assault and simple assault should be viewed as having merged with the malicious disfigurement conviction, and thus vacated on remand. *See Hudson v. United States,* 790 A.2d 531, 535 (D.C.2002). We agree and, accordingly, affirm the judgment of conviction for malicious disfigurement while armed, but remand for vacatur of the other two convictions.

*So ordered.*