**Lorenzo T. SIMPSON, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 88–1423.

District of Columbia Court of Appeals.

Argued March 19, 1990.
Decided June 22, 1990.

J. Herbie DiFonzo, Washington, D.C., appointed by this court, for appellant.

Eric M. Acker, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Thomas J. Gruscinski, Asst. U.S. Attys., were on the brief, for appellee.

Before BELSON, STEADMAN, and SCHWELB, Associate Judges.

SCHWELB, Associate Judge:

Simpson was convicted by a jury of unlawful possession of cocaine with intent to distribute it, in violation of D.C.Code § 33–541(a)(1) (1988). He contends for the first time on appeal that the drugs in question were seized in violation of the Fourth Amendment and should have been suppressed. We find no error.

I

The facts can be briefly summarized. Officers of the Metropolitan Police Department on "truant patrol" were pursuing a suspected truant who had eluded them. During the chase, they observed Simpson, who was then eighteen years of age, and a companion, a fifteen-year-old juvenile, entering a red Hyundai automobile. Suspecting that the youths might be truants, the officers pulled up close to the Hyundai, so that the driver's door of that vehicle was blocked. They directed each of the youths to get out of the car. One of the officers told Simpson to hand him his registration and operator's license, and Simpson did so. The license revealed that Simpson was too old to be a truant. Simpson then walked away with his documents still in the possession of the police.

According to one of the officers, Simpson then removed a brown paper bag from his waistband and dropped it into the engine compartment of an abandoned station wagon which was located nearby. The officer recovered the bag and found that it con-

tained sixteen plastic bags filled with crack cocaine. Simpson's arrest and conviction followed.

Simpson contends on appeal that the police lack statutory or other authority to detain truants.[1] He argues that in this case the officers lacked articulable suspicion that he had engaged in any unlawful conduct, and that his detention was therefore unlawful. According to Simpson, the improper detention precipitated his alleged discarding of the drugs and rendered their seizure unlawful as the fruit of the poisonous tree.

## II

No motion to suppress tangible evidence was filed in the trial court. District of Columbia Code § 23–104(a)(2) (1989) provides that "a motion to suppress evidence shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds of the motion." *See also Giles v. District of Columbia*, 548 A.2d 48, 51 (D.C.1988); Super.Ct. Crim.R. 12(b)(3). Simpson does not claim, nor can he, that either of these exceptions is applicable to the present case. Accordingly, we conclude that he has waived the issue on appeal. *Streater v. United States*, 478 A.2d 1055, 1058 (D.C.1984).

## III

Simpson next contends that his trial attorney's failure to file a motion to suppress

the cocaine constituted ineffective assistance of counsel. He has not, however, filed a collateral attack on the judgment pursuant to D.C.Code § 23–110 (1989). *See Shepard v. United States*, 533 A.2d 1278 (D.C.1987). Instead, he asks this court to rule on direct appeal that the trial record demonstrates beyond doubt that the seizure was unlawful. For that reason, says Simpson, no further factual record is required. Conceding, as he must, that the government, not having been confronted with a motion to suppress tangible evidence, has never had an occasion to adduce the testimony of the officers or to introduce other evidence on matters relevant to the validity of the seizure, Simpson argues that he is nevertheless entitled to prevail because the trial record fully discloses the reasons for the stop and establishes their insufficiency as a matter of law.

We cannot agree. To prevail upon a showing of ineffective assistance of counsel, Simpson must demonstrate both that his trial attorney's performance fell below an objective standard of reasonableness and that there is a reasonable probability that the error affected the outcome of the trial to his prejudice. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). Even if we were to assume, for the sake of argument only, that Simpson has established that trial counsel's performance was inadequate,[2] we are in no position to determine that the motion to suppress would

---

1. In light of our disposition of this appeal, we need not decide this issue. *See generally* D.C. Code § 16–2301(8) (1989) (defining child in need of supervision as including a habitual truant); § 16–2309(a)(5) (providing for authority to take runaways into custody); and § 16–2310 (detailing evidence required for detaining child in need of supervision). According to a text by two practitioners of juvenile law in this jurisdiction, "[w]hen the police encounter truant children, they are authorized to take them back to school." W. MLYNIEC & J. COPACINO, JUVENILE LAW & PRACTICE IN THE DISTRICT OF COLUMBIA 3.7 (1988). The authors cite MPD General Order, [No. 305.1 (1981)], which provides that "all truants apprehended shall be returned to his/her school and turned over to a principal or other person in authority." *See also* D.C.Code § 31–401 (1988) (compulsory school attendance); *In re D.M.C.*, 503 A.2d 1280 (D.C.1986).

2. We are constrained to note in this connection that the court's after-the-fact review of counsel's performance is deferential, and that there is a strong presumption that counsel's representation of the client falls within the wide range of reasonable professional assistance. *Strickland, supra*, 466 U.S. at 688, 104 S.Ct. at 2064. Failure to file even a meritorious motion to suppress evidence does not constitute *per se* ineffective assistance of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 382, 384, 106 S.Ct. 2574, 2586, 2587, 91 L.Ed.2d 305 (1986). In virtually all cases, it is preferable to obtain the testimony of trial counsel so that the court may consider his or her perspective before determining whether counsel was ineffective. Knowledge of the facts facilitates the just resolution of disputes.

probably have been granted if his attorney had filed one, for we simply do not know what facts the government might have adduced in opposition to it.

At Simpson's trial, the government's sole obligation was to prove his possession of the drugs and his intent to distribute them. Evidence with respect to events leading up to Simpson's arrest was relevant only to put the case in its proper setting. *See Toliver v. United States*, 468 A.2d 958, 961 (D.C.1983). The prosecutor had no occasion to, and did not, direct his attention to issues which would have been relevant to a motion to suppress tangible evidence. In the present case, a competent prosecutor faced with such a motion would surely have explored such questions, among others, as whether Simpson had "standing" to move to suppress the contraband;[3] whether officers believed Simpson to be a truant, and why; and whether the detention was at an end after his operator's license had revealed that he was not of truancy age, so that he was then free to leave. Common sense surely compels the conclusion that if these and other Fourth Amendment-related issues had been presented, the evidence adduced by the prosecution would have been different from that on which it relied to prove Simpson's possession of the drugs with intent to distribute them. Inevitably, the government's attention while opposing a suppression motion would have focused on matters which were of no consequence at proceedings relating solely to Simpson's guilt or innocence.

The government claims that the facts revealed at trial, without more, require us to sustain the seizure. Simpson responds that the identical facts compel suppression. We need not and do not decide whether suppression is warranted or unwarranted on the present constricted record. "This court is in the best position to assess a claim of ineffective assistance of counsel where a separate motion has been filed and an appropriate record has been made."

*Mack v. United States*, 570 A.2d 777, 785 (D.C.1990). The government has the right to contribute to the creation of such a record, and a defendant may not unilaterally decide that the issue shall be determined solely on the basis of the trial record, eschew the filing of a § 23–110 motion, and thus foreclose the prosecution's opportunity to adduce evidence relevant to ineffective assistance and prejudice. *Id.* at 786. The parties here have presented us with difficult Fourth Amendment issues, and development of a pertinent factual record is essential if the court is to decide them responsibly and fairly.

## IV

In *Angarano v. United States*, 329 A.2d 453, 457–58 (D.C.1974) (*en banc*), this court had occasion to remark that

few claims of ineffectiveness may be raised properly on a direct appeal from a conviction. Appellate courts are bound by the confines of the records before them, and the vast majority of ineffectiveness questions must be raised initially in the trial court through a collateral attack ...

We have returned to this thesis on many occasions, most recently in *Mack, supra*, 570 A.2d at 785–86, and *see* authorities there cited, but we have never closed the door absolutely to the raising of the issue on direct appeal.[4] As a result of the existence of what has always been designed to be a very small opening indeed, we receive appeals, such as the present one, in which ineffective assistance of counsel has been alleged, but in which no evidentiary record has been made in collateral proceedings. This often leaves us with information which is inadequate to enable us to evaluate the claim intelligently.

We reiterate that in the overwhelming majority of cases, it is inappropriate to raise the issue of ineffective assistance of counsel on direct appeal. Attempts to do

---

**3.** In connection with the issues of standing and abandonment, *compare United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980) *with United States v. Beck*, 602 F.2d 726, 729–30 (5th Cir.1979).

**4.** *Cf. Shepard v. United States*, 533 A.2d 1278, 1280 & n. 2 (D.C.1987).

so are rarely if ever successful. In the specific class of cases like the one now before us—a claim of ineffective assistance of counsel based on the trial attorney's failure to file a motion to suppress tangible evidence—we go further and hold, prospectively, that in the absence of extraordinary circumstances, such claims will not be regarded as sufficiently substantiated unless a collateral proceeding has been instituted in the trial court and an appropriate record has been made.[5]

Accordingly, the clerk is directed to hold this appeal in abeyance for 30 days to permit counsel for Simpson to file a petition for collateral relief in the Superior Court. Should counsel fail to do so within that time, the judgment appealed from shall stand affirmed. If we are notified that such a motion has been filed, this appeal will be stayed until the trial court's resolution of the motion. Counsel for Simpson shall be responsible for bringing further developments to the attention of this court.

*So ordered.*

5. We recognize that in some cases appellants may also seek reversal on grounds other than ineffective assistance of counsel and might prefer not to delay their appeals while a collateral attack is mounted. This consideration may be especially compelling where an appellant is confined pending appeal. Collateral proceedings in situations of this kind should therefore be conducted by the trial court with dispatch.