Dissenting opinion by Associate Judge Glickman at page 168-69.
 

 Nebeker, Senior Judge:
 

 Brown appeals from the denial, as time or otherwise barred, from forty-eight pro se and interrelated motions. The motions collaterally attacked his three convictions in the 1990's (two were on negotiated guilty pleas on 1991 and 1992 weapons offenses, and a third for a first-degree murder conviction in 1997). This court appointed present counsel to represent Brown on the appeal. Brown was serving a life sentence in a California federal prison for the murder when he was charged with assault on a prison guard in 2008. He unsuccessfully presented an insanity defense to that charge, where he had the burden of persuading the jury by clear and convincing evidence that he had an abnormal mental condition which deprived him of capacity for choice and control of his conduct at the time of the murder.
 
 See
 

 18 U.S.C. § 17
 
 . The jury was unable to reach a verdict and a mistrial was declared. The indictment was later dismissed on motion of the government.
 

 The argument on appeal is that Brown's four counsel in the 1990's were constitutionally ineffective in failing to recognize and develop possible insanity defenses to those charges. He presents his defense
 expert's testimony in his California trial (a Dr. A.A. Howsepian) to challenge as ineffective his four counsel in the 1990's.
 
 [1]
 
 Brown's initial argument is that this court should remand and direct that the trial court hold a hearing on the issue of the ineffectiveness of his counsel in order to show or justify cause for the delay in his challenges. In her thirty-page order, the trial court meticulously dealt with each of Brown's pleadings, which included many motions based on
 
 D.C. Code § 23-110
 
 , error coram nobis, for evidentiary hearings to amend his sentence, all filed between March 2012 through December 2014. She reasoned that there is no evidence to explain "why [Brown] failed to raise his ineffective assistance of counsel claim during his direct appeal ...." The court noted that even if Brown had demonstrated adequate reason for delay, he presents no evidence that supports "a reasonable probability that ... the result of the proceeding would have been different." In fact, many of the events cited by his psychiatrist, Dr. Howsepian, as contributing to Brown's insanity occurred after the cases at issue here, such as Brown's nine years of solitary confinement, which came after the 1990's convictions. The trial court also found that the doctor's opinion pertained only to Brown's insanity at the time of the 2008 assault, "many years after his conduct in the instant case." She noted that there was nothing in the record demonstrating that any prior counsel should have been aware of any possible condition affecting Brown's mental condition. The trial court found no obligation on the part of counsel to investigate Brown's mental health simply because appellant disclosed that he was shot in 1991. We agree.
 

 In order to prevail when bringing a claim of ineffective assistance of counsel, appellant must show that "his trial attorney's performance fell below an objective standard of reasonableness and that there is a reasonable probability that the error affected the outcome of the trial to his prejudice."
 
 Simpson v. United States
 
 ,
 
 576 A.2d 1336
 
 , 1337 (D.C. 1990) (
 
 see
 

 Strickland v. Washington
 
 ,
 
 466 U.S. 668
 
 , 687-88,
 
 104 S.Ct. 2052
 
 ,
 
 80 L.Ed.2d 674
 
 (1984) ). Generally, an appellant should collaterally attack his conviction on the basis of ineffective assistance of counsel during the pendency of his direct appeal.
 
 Shepard v. United States
 
 ,
 
 533 A.2d 1278
 
 , 1280 (D.C. 1987). Where an appellant failed to do so, we require appellant to show cause for the delay and prejudice as a result of the delay.
 

 Id.
 

 (
 
 see
 

 Head v. United States
 
 ,
 
 489 A.2d 450
 
 , 451 (D.C. 1985) ). In order to show cause, appellant must show "exceptional circumstances" that prevented him from bringing his claim in a timely manner.
 
 Head
 
 ,
 
 489 A.2d at 451
 
 (citations omitted). To show prejudice, appellant must show that the errors at trial created more than a mere "
 
 possibility
 
 of prejudice, but that they worked to his
 
 actual
 
 and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."
 
 Washington v. United States
 
 ,
 
 834 A.2d 899
 
 , 903 (D.C. 2003) (emphasis in original) (quoting
 
 United States v. Frady
 
 ,
 
 456 U.S. 152
 
 , 170,
 
 102 S.Ct. 1584
 
 ,
 
 71 L.Ed.2d 816
 
 (1982) ).
 
 [2]
 

 The dissent argues that the question of procedural default as a result of Brown's failure to bring these claims in a timely manner "blends" with the question of the merits of Brown's ineffective assistance of counsel claims. However, the Supreme Court has said that "the question of cause for a procedural default
 
 does not turn
 
 on whether counsel erred or on the kind of error counsel may have made."
 
 Murray v. Carrier
 
 ,
 
 477 U.S. 478
 
 , 488,
 
 106 S.Ct. 2639
 
 ,
 
 91 L.Ed.2d 397
 
 (1986) (emphasis added). Ineffective assistance of counsel excuses a procedural default only where the ineffectiveness of counsel was the cause of the procedural default.
 

 Id.
 

 ("[I]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State ...."); see also
 
 Washington
 
 ,
 
 834 A.2d at
 
 904 n.10 (interpreting
 
 Murray v. Carrier
 
 as saying that "ineffectiveness of counsel may constitute 'cause' only when that ineffectiveness
 
 itself
 
 is the very reason why such claims were not made on direct appeal" (emphasis in original) ). In Brown's case, there is no ineffectiveness in the first instance.
 

 Brown showed no cause for his failure to file this collateral attack in a timely manner. We have held that the unavailability of claims resulting from the trial counsel's actions are only cause for delay where the counsel's own failure to effectively communicate with the defendant led to the delay in filing.
 
 See, e.g.
 
 ,
 
 White v. United States
 
 ,
 
 146 A.3d 101
 
 , 105-06 (D.C. 2016) (the trial court and counsel's misleading statements regarding appellant's eligibility for parole led to the guilty plea appellant sought to withdraw once he was properly informed of his parole eligibility); see
 
 supra
 
 page 166-67. Here, Brown alleges the opposite and contends that: a latent condition, withheld from counsel by defendant, was the cause of the delay. See
 
 infra
 
 page 167-68. Moreover, if Brown's mental condition was not "reasonably available" to Brown or his counsel prior to 2009, it is difficult to deem trial counsel's failure at the time of trial to investigate the matter in the 1990's unreasonable. We are therefore unpersuaded by the dissent's argument that Brown's factual basis for his claim may not have been reasonably available to him prior to Dr. Howsepian's assessment for his 2009 trial.
 

 Furthermore, there was no ineffective assistance of counsel, even if Brown could overcome the procedural bar. There were no observable symptoms or statements from Brown that could have reasonably called attention to the possibility of an insanity defense. The expert testimony from Dr. Howsepian showed that Brown had been traumatized by injuries in the 1990's and later when in prison, including a nine-year period of solitary confinement, and such trauma could produce latent Post Traumatic Stress Disorder (PTSD). He added that PTSD would lead to avoiding conversations about its effect.
 
 [3]
 
 Indeed,
 Brown told his examining psychiatrist that, "I never discussed it [his symptoms] with anyone. This is the first time." Thus, we have on this record an admission by Brown that he withheld from his counsel facts with which he now seeks to charge counsel with being professionally incompetent for not knowing or recognizing as the basis for a possible insanity defense. Dr. Howsepian's ultimate and material testimony was that Brown was insane in 2008.
 
 [4]
 
 Regardless, Brown presents his 2008 insanity diagnosis as evidence of his mental state in the 1990's. Moreover, at Brown's initial prison evaluation no mental disorder was noted.
 

 Notwithstanding the dissent's argument to the contrary, there is simply no evidence that counsel would have had a reason to investigate appellant's mental state at the time of trial in the 1990's. Not only did Brown not mention any mental condition to alert counsel, but also the psychiatric testimony in the California trial does not describe, and there is no other showing of, any observable symptoms of an abnormal mental condition in the 1990's. Therefore, there was nothing which could have reasonably alerted his counsel to a possible insanity defense.
 
 See
 

 Cosio v. United States
 
 ,
 
 927 A.2d 1106
 
 , 1127 (D.C. 2007) (en banc) (quoting
 
 Rompilla v. Beard
 
 ,
 
 545 U.S. 374
 
 , 383,
 
 125 S.Ct. 2456
 
 ,
 
 162 L.Ed.2d 360
 
 (2005) ) ("[W]e must assess whether the challenged investigative omission was objectively unreasonable under the circumstances counsel confronted.... The duty to conduct a reasonably thorough investigation 'does not force defense lawyers to scour the globe on the off-chance something will turn up.' "). Absent some indicia of a mental condition, there is sufficient ground to find counsel's actions in the 1990's reasonable.
 

 Simply put, in order for Brown's claim to succeed, the court would have to engage in pure speculation.
 
 [5]
 

 Curry v. United States
 
 ,
 
 498 A.2d 534
 
 , 540 (D.C. 1985) (citing
 
 Williams v. United States
 
 ,
 
 421 A.2d 19
 
 , 25 (D.C. 1980) ). Counsel cannot be deemed ineffective for failure to raise an insanity defense in the absence of any other "good defense."
 

 Accordingly, we hold that Brown's counsel did not perform in an objectively unreasonable way and were not ineffective by not raising insanity defenses. Since we conclude that Brown has failed to show cause for the delay, we need not reach the prejudice prong.
 
 See
 

 Cosio
 
 ,
 
 927 A.2d at 1131
 
 (when cause for delay is shown, prejudice must then be considered).
 

 The trial court's order is hereby
 

 Affirmed.
 

 Appellant's briefing focuses on the ineffectiveness of trial counsel in the three separate cases, but at oral argument, appellant's counsel argued that if trial counsel was ineffective, so was appellate counsel by failing to raise this issue during the direct appeal for the 1997 conviction.
 

 This procedural bar is not easy to overcome. We have held claims that are so "vague and conclusory," like the speculative claims made by Brown, that they do not require a hearing under § 23-110 also fail to show cause for delay.
 
 Vaughn v. United States
 
 ,
 
 600 A.2d 96
 
 , 97-98 (D.C. 1991).
 

 Additionally, we have said that in situations where appellant "has already launched several collateral attacks on his conviction, the reasons supporting the application of the cause and prejudice test are even more compelling."
 
 Washington
 
 ,
 
 834 A.2d at 902
 
 (quoting
 
 Matos v. United States
 
 ,
 
 631 A.2d 28
 
 , 30 (D.C. 1993) ).
 

 Avoidance and hiding one's PTSD symptoms is part of the disorder's symptoms. For instance, the 2007 edition of the DSM-IV-TR discusses PTSD (this edition was in effect at the time of the California trial) and states that "[s]timuli associated with trauma are persistently avoided. The person commonly makes deliberate efforts to avoid thoughts, feelings or conversations about the traumatic event." American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders IV Text Revision 464 (4th ed. 2007) [hereinafter DSM-IV-TR].
 

 In addition to PTSD, Dr. Howsepian diagnosed Brown with Schizotypal Personality Disorder in 2009 which included such symptoms as "overelaborate, tangential, and circumstantial, speech ... suspiciousness and paranoid ideation, and lack of close friends or confidants." The DSM-IV-TR classifies this disorder as including "pervasive pattern of social and interpersonal deficits marked by acute discomfort with, and capacity for, close relationships." DSM-IV-TR at 697. Dr. Howsepian's testimony, however, focused on the PTSD diagnosis.
 

 The dissent speculates that Brown "may" or "might" or "could" show counsel deficiencies in not developing insanity defenses. The dissent also postulates that since there is no appearance of a motive or "any other good defense ... it is arguable that trial counsel had reason enough to explore ... an insanity defense." In addition, the dissent speculates that Brown's latent PTSD may have had observable symptoms.